## CORNELIUS BRENNAN vs. THE FAIR HAVEN & WESTVILLE RAILROAD COMPANY.

The plaintiff, a boy ten years of age, was riding free on the front platform of a horse-railroad car, with the knowledge of the conductor and driver, the latter having requested him to hand in a package at a place they were to pass. Before quite reaching the place for stopping for this purpose, the plaintiff jumped off the platform and fell under the car and was badly hurt. A printed notice was posted conspicuously in the car, forbidding passengers to stand upon, or get on or off at, the front platform, or to get on or off the car when in motion, and declaring that the company would not be responsible for any accident happening thereby. In an action against the company for the injury the court below found that it was caused by the careless driving and management of the car, that the plaintiff in getting off under the circumstances used as much care as could be expected from a person of his age, and that no contributory negligence on his part was proved. Held, on a motion of the defendants for a new trial—

1. That the conclusion of the court upon the question of negligence was one of fact, which could not be reviewed by this court.

2. That it was within the scope of the authority of the conductor and driver to receive and let off the plaintiff as a passenger, and that it did not alter the case that the conductor did not require him to pay fare.

3. That, even if the driver was not authorized to deliver the package nor to employ the plaintiff to do it, yet evidence that he requested him to carry it in was admissible on the question of negligence, to show that he knew that the plaintiff was on the car and was intending to get off at the place in question.

4. That the averment that "the defendants so negligently managed the car as to run it upon and over the plaintiff," was sufficient to admit proof that the negligence consisted in not stopping the car at the proper time.

5. That even if the plaintiff was to be regarded as a trespasser in the car, that fact would not necessarily defeat his right of action.

6. That a special duty devolved upon the conductor and driver in view of the fact that the plaintiff was so young, to see that the rule forbidding him to stand on the front platform, or get off from it, was observed by him.

TRESPASS ON THE CASE for an injury to the plaintiff through the negligence of the defendants, a horse railroad company, brought to the Superior Court in New Haven County, and heard in damages, after demurrer overruled, by *Hitchcock, J.* The court made the following finding of facts:

At the time of the injury complained of the plaintiff was nine years and eleven months old; he was of ordinary mental capacity, and could read and write.

The defendants were a corporation, legally created, and as

such were operating a horse railroad from the city of New Haven, its western terminus, to Fair Haven, its eastern terminus.

On the morning of September 23d, 1872, about seven o'clock, as the car of the defendants was running to its eastern terminus, and was within half a mile of it, the plaintiff, who was well known to the driver of the car, asked the latter if he might ride on the car; the driver assented, and the plaintiff thereupon got on the east platform of the car with the driver, for the purpose of riding to the Fair Haven post office, to find the man from whom he received papers to distribute, which was less than a quarter of a mile distant. He was a newspaper carrier. While on the platform, as the car was approaching the post office, the driver requested the plaintiff to take a package of newspapers, then lying on the platform, and deliver it at the Fair Haven post office, which the car was about to pass; and the plaintiff manifested to the driver his willingness to do so. The driver did not stop nor slacken the speed of the car as it came near or arrived at the post office; and it was then going so fast that the plaintiff did not get off, but he kept on with the car to the eastern terminus of the road, (which was but a short distance,) where the horses were unhitched from the east end of the car and hitched to the west end of it, and started westward for New Haven, the plaintiff being on the car, but intending to go back on it no farther than the post office.

Soon after the car had started westward for New Haven, the driver requested the plaintiff to bring the package from the east to the west platform of the car, which the plaintiff did; and at the same time he again requested the plaintiff to deliver the package at the post office.

When the car, on its westward course, arrived within about eight feet of the post office, the driver did not stop the car, but continued it at its ordinary speed. The plaintiff, under these circumstances, attempted to get off from the west end of the car at the post office, having at the time the package under his right arm, and with his left hand he had hold of an iron handle on the end of the car. In thus getting off the

lower step of the west platform, the plaintiff was by the onward motion of the car swung under the forward wheel on the south side, which ran over his leg and caused the injury complained of. This injury was the result of the careless and negligent driving and management of the car by the defendants' driver and conductor. The plaintiff, in getting off the car under the circumstances, used as much care, caution and prudence as could be expected from a person of his age, and no contributory negligence on his part is found to have been proven. The first the driver or conductor knew of the plaintiff's having got off the car was by a signal to stop from a bystander. The car was then immediately stopped within a distance of half its length.

The driver knew that the plaintiff was on the car as it started on its return to New Haven, and the circumstances under which he was on the car, and that he intended to go no further on it than to the post office, and that he was there to deliver the package. There was no evidence as to whether the place where the plaintiff got off was a proper or improper one to get off, and no claim as to this was raised during the trial.

The plaintiff paid no fare but was riding free of charge. By the rules of the defendant company, neither the driver nor conductor had authority to carry or allow persons or packages on the car, without payment of fare or freight.

At the time of the injury the following notice printed in large type, was conspicuously posted at each end of the car:

PASSENGERS ARE FORBIDDEN—

1st. To get on or off, or to occupy, the forward platform.

2d. To occupy the rear platform when there is standing room inside.

3d. To stand on the steps, or get on or off the cars when in motion.

4th. To put their heads or arms out the windows.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

7th. The company will not be responsible for any accident occurring under a violation of any of the above rules.

Packages committed to the care of the company for convey-ance were carried on the front platform, where the driver had to keep watch of them and see that they did not leave the car without his knowledge, though it was not his duty, but that of the conductor, to deliver the same.

By the rules of the company it was the duty of the driver to attend to his team, and to look ahead, and to the right and left for passengers; he had no duties as to passengers other than those of a prudent, careful driver, and neither he nor the conductor had any authority to allow transit of persons or property on the car free of fare or freight.

To all the evidence offered by the plaintiff to show that he was permitted to get upon and ride on the car by the driver and conductor, and with their knowledge and consent, past the post office to the eastern terminus, and thence back to the place where the injury occurred, the defendants objected, upon the ground that neither the driver nor conductor had power to give the plaintiff a free ride; that the driver had nothing to do with persons on the car; that neither was an agent of the defendants for any such purpose; and that there was no allegation in the plaintiff's declaration to which such evidence could be applied, or which it tended to establish; but the court overruled the objection and admitted the evidence.

The plaintiff, for the purpose of showing that he was not a trespasser on the car, but was there with the knowledge and permission of the defendants, and to show that the driver knew that he intended to get off at the post office, and was negligent in not stopping the car for him to get off, offered evidence to prove that the driver requested the plaintiff to take the package of newspapers, then on the platform, and deliver it at the post office, and that the plaintiff assented to the request, and that it was while he was getting off the car with the package that he was injured. To the admission of this evidence the defendants objected, on the ground that the driver was not their agent for the purpose of leaving papers at the post office, or requesting or employing the plaintiff to do so; and on the further ground that if the court should be of the opinion that the driver was their agent for such pur-

pose, then his employment of the plaintiff, if within his authority, made the plaintiff his fellow-servant, for whose injury, in the manner above described, the defendants would not be liable; and on the further ground that the evidence was not relevant to any question presented by the plaintiff's declaration. The court overruled the objection and admitted the evidence.

The defendants claimed that under the facts they were not liable for the injury; that the plaintiff was a trespasser on the car, and that they owed him no duty, except not wantonly, (or by gross carelessness, tantamount to wantonness,) to injure him; that they did not owe him even that till aware of his presence on the car; that they owed him no duty to stop and let him get off till requested to do so, or at least till made aware that he proposed to get off where he did; and that it was of itself a negligent and careless act to get off the forward end of the car while the same was in motion. The defendants claimed that upon the undisputed facts in the case and upon the facts as found, as matter of law, they were not liable in this case. The court overruled these claims and rendered judgment for the plaintiff for full damages.

The defendants moved for a new trial for error in the rulings of the court.

The case was argued at a former term of the court, and re-argued at the present term by direction of the judges.

*G. H. Watrous*, in support of the motion.

1. Although the record shows a finding that the defendants' negligence caused the injury, yet facts are found which show clearly that there was no fault on their part. The court will assume the facts found to be all that bear on the case, or at least all that tend to support the conclusion arrived at by the court. *Young* v. *New Haven*, 39 Conn., 435. These facts do not tend to support the allegation of negligence. If the driver knew that the plaintiff intended to get off at the post office, that knowledge does not make it negligence not to stop *before he arrived at the post office*. Besides, no negligence in not stopping is alleged in the declaration. The averment

is that the car was "managed and directed upon and over the plaintiff." The car was in fact stopped as soon as the driver knew the plaintiff had attempted to get off. And he had not then reached the post office. Again, the driver had no right to stop the car except in obedience to a signal from the conductor's bell, or from a party desiring to get on the car. It was therefore the conductor's duty, if that of anybody, to cause the car to stop to let the plaintiff off, but the plaintiff had not informed him that he wanted the car stopped, or that he intended to get off. The decision of the judge, that the defendant was careless in not stopping, being without any foundation in the facts, is a legal *non sequitur.*

2. Whether these facts raised a duty is a question of law, or of mixed law and fact. *Derwort* v. *Loomer*, 21 Conn., 245; *Dimock* v. *Suffield*, 30 id., 129; *Lyndsay* v. *Conn. & Passumpsic Rivers R. R. Co.*, 27 Verm., 643; *Railroad Co.* v. *Skinner*, 19 Penn. S. R., 298; *Pennsylvania R: R. Co.* v. *Beale*, 73 id., 503; *Lake Shore &c. R. R. Co.* v. *Miller*, 25 Mich., 274; *Flemming* v. *Western Pacific R. R. Co.*, 49 Cal., 253; *Filer* v. *N. Y. Central R. R. Co.*, 49 N. York, 47; *Baulec* v. *N. York & Harlem R. R. Co.*, 59 id., 356.

3. It is equally clear from the finding that the plaintiff not only contributed to, but *caused*, his own injury. The court below says "no contributory negligence is found to have been proven." It is not found that the plaintiff did not contribute. This should be found to sustain the judgment below. *Lake Shore &c. R. R. Co.* v. *Miller*, supra; *Park* v. *O'Brien*, 23 Conn., 339; *Fox* v. *Glastonbury*, 29 id., 204; *Carey* v. *Day*, 36 id., 152. The court says that "the plaintiff, in getting off the car, under the circumstances, used as much care as could be expected of a person of his age." But he did not use any at all, as the finding shows. In violation of instructions before his eyes, he occupied, and got off from, the forward end of the car when in motion. He did not ask anybody to stop the car and let him get off. He did not even let any one know that he was about to get off, but jumped off backwards and before he reached the post office. Unless absolutely no

care is reasonable care in a boy ten years old, he did not use as much care as under the circumstances could be expected. *Lake Shore &c. R. R. Co.* v. *Miller*, supra; *Nichols* v. *Middlesex R. R. Co.*, 106 Mass., 463; *Cram* v. *Metropolitan R. R. Co.*, 112 id., 38; *East Saginaw R. R. Co.* v. *Bohn*, 27 Mich., 503; *Brown* v. *European & N. Am. R. R. Co.*, 58 Maine, 384; *Baltimore City R. R. Co.* v. *Wilkinson*, 30 Maryl., 224; *Solomon* v. *Central Park &c. R. R. Co.*, 1 Sweeny, 298; *Hadencamp* v. *Second Avenue R. R. Co.*, id., 490; *Reynolds* v. *N. York Central R. R. Co.*, 58 N. York, 248; *Burrows* v. *Erie R. R. Co.*, 63 id., 556.

4. The plaintiff was not a passenger. He was in fact a trespasser on the car. At most, and by the finding, he was there by sufferance or license, paying no fare, and defendants did not owe him the duty they owed a passenger. This is purely a question of law. *Patterson* v. *Philadelphia &c. R. R. Co.*, 41 Houst., 103; *Union Pacific R. R. Co.* v. *Nichols*, 8 Kansas, 505; *Illinois Central R. R. Co.* v. *Godfrey*, 14 Am. Reg., 290; *Jeffersonville &c. R. R. Co.* v. *Goldsmith*, 7 Ind., Law 43; Shearm. & Redf. on Neg., §§ 262, 3, 4.

5. The assent of the driver that the plaintiff might get on the car and ride without paying fare, was not the assent of the company. The driver had no duty except to properly drive his team and look out ahead for passengers and a clear track. Neither he nor the conductor had any power to grant a free ride, nor was it within the scope of the apparent power of either of them, certainly not within that of the driver. The conductor did not even know that the boy was on the car, and hence could not have assented to his being there, even if his assent could bind the company. His duties were to collect fares and cause the car to stop for passengers to get on or off. He had no other. Hence the assent of the driver did not change the relation of the plaintiff to the defendants, or impose on the defendants the duty to treat him as a passenger. *Thames Steamboat Co.* v. *Housatonic R. R. Co.*, 24 Conn., 40; *Crocker* v. *New London &c. R. R. Co.*, id., 249; *Swazey* v. *Union Manf. Co.*, 42 id., 556; *Stephenson* v. *N. York & Harlem R. R. Co.*, 2 Duer, 343. The driver had no

power to leave a package for the defendants at the post office and no power to engage the plaintiff so to do, and his act in that behalf was not the act of the defendants; and if the driver was careless in this respect that carelessness cannot be imputed to the defendants. A car driver is not a *general* agent. In this aspect of the case the driver employed the plaintiff to do an act which he, as driver, had no power to do, and in connection with that employment was guilty of neglect towards the plaintiff. *Wilson* v. *Peverly*, 2 N. Hamp., 548; *Elkins* v. *Boston & Maine R. R. Co.*, 23 id., 275; *Oxford* v. *Peter*, 28 Ill., 434; *Wright* v. *Wilcox*, 19 Wend., 343; *Bristol Knife Co.* v. *First Nat. Bank*, 41 Conn., 421; *New Orleans &c. R. R. Co.* v. *Harrison*, 48 Miss., 112; Shearm. & Redf. on Neg., §§ 63, 64.

6. The evidence objected to should have been excluded. 1st. If the driver had no power to give the plaintiff a free ride, then proof that he knew of and assented to his riding did not tend to show that the plaintiff was on the car by permission of the defendants. 2d. If the driver had no power to leave papers at the post office, or to employ the plaintiff to do so, then proof that he did so employ him did not tend to show either that the defendants were careless in the management of the car, or that they permitted the plaintiff to ride free. 3d. The admission of this evidence to show that defendants were careless "in not stopping their car" was clearly wrong; for there is no allegation in the declaration of any omission of duty in this regard, and the plaintiff can only recover "*secundum allegata et probata.*" Gould's Pl., 160, § 7; *Douglass* v. *Chatham*, 41 Conn., 237.

7. The court below erred in disregarding the claims made by the defendants as to their non-liability upon the facts proved. 1st. The plaintiff was riding without paying fare and without the knowledge or consent of the defendants. That made him a trespasser, and as a matter of law the defendants owed him no duty except as stated, and of course did not owe him that till aware of his bodily presence on the car. What right had the court to disregard this claim? The defendants were at least entitled to have this claim con-

sidered in connection with the question whether the plaintiff was injured by their negligence, or his own, or by inevitable accident. 2d. The defendants claimed "that they owed the plaintiff no duty to stop and let him off till requested to do so, or at least till made aware that he proposed to get off when he did." There is nothing in the facts as found, to justify the court in disregarding this claim. The finding shows that the car was moving at its ordinary speed, was on the bridge, had not reached the post office, and that neither the driver nor the conductor knew he was going to get off, or that he had got off till a by-stander called out. 3d. It was negligence *per se* for the plaintiff to jump off the forward end of the car moving at its ordinary speed, without at least asking to have it stopped, and without any notice of a purpose so to do. The plaintiff was, at all events, so far *sui juris* as to know enough to be trusted abroad by his guardian, and to keep out of the way of obvious danger.

*T. E. Doolittle* and *W. L. Bennett*, contra.

1. By the law of Connecticut the question of negligence is one of fact, to be decided by the jury, and is not one of law for the court. *Beers* v. *Housatonic R. R. Co.*, 19 Conn., 566; *Park* v. *O'Brien*, 23 id., 339; *Young* v. *City of New Haven*, 39 id., 435. Where, upon this point, the law of negligence in other states differs from that in this state, it may be stated as follows: the question of negligence is one of mingled law and fact, to be decided as a question of law by the court when the facts are undisputed or conclusively proved, but to be decided as one of fact by the jury when the facts are disputed and the evidence is conflicting. *Eckert* v. *Long Island R. R. Co.*, 43 N. York, 502; *Filer* v. *N. York Central R. R. Co.*, 49 id., 47; *Belton* v. *Baxter*, 58 id., 411; *Thurber* v. *Harlem Bridge &c. R. R. Co.*, 60 id., 326; *Gaynor* v. *Old Colony R. R. Co.*, 100 Mass., 208; *Mayo* v. *Boston & Maine R. R. Co.*, 104 id., 137; *Brooks* v. *Somerville*, 106 id., 271; *Sleeper* v. *Sandown*, 52 N. Hamp., 244; *State* v. *Manchester & Lawrence R. R. Co.*, id., 563; *O'Flaherty* v. *Union R. R. Co.*, 45 Misso., 70; *Schierhold* v. *North*

*Beach &c. R. R. Co.*, 40 Cal., 447; *Detroit &c. R. R. Co.* v. *Von Steinberg*, 17 Mich., 118; *Railroad Co.* v. *Gladmon*, 15 Wall., 401; *Railroad Co.* v. *Stout*, 17 id., 659; Wharton on Neg., § 420. We submit that in a case like the present, where the evidence was conflicting, and nothing was admitted, the question of negligence is one of fact by the law of other states as well as of our own. It has been decided in this case by the tribunal whose duty it was to find the facts. There is no question of law in regard to it before this court. Nor is there here a question of fact. And if this court of law would, at the request of the defendants, try the question of fact whether the defendants were negligent or not, it has no full statement of evidence before it upon which to render a verdict. The court below examined all the evidence, and from it found the fact of negligence. This evidence is not spread out upon the record. We call the attention of the court to the following cases, in which the facts were almost exactly the same as in this. *Hestonville &c. R. R. Co.* v. *Gray*, Penn. S. C. Weekly Notes of cases, March 15, 1877; *Pittsburg &c. R. R. Co.* v. *Caldwell*, 74 Penn. S. R., 421; *Crissey* v. *Hestonville &c. R. R. Co.*, 75 id., 83; *Phil. City Railway Co.* v. *Hassard*, id., 367; *Wilton* v. *Middlesex R. R. Co.*, 107 Mass., 108; *East Saginaw City R. R. Co.* v. *Bohn*, 27 Mich., 503.

2. All the evidence offered by the plaintiff to show that he was permitted by the conductor and driver to ride upon the car was admissible, in the first place, as showing the permission of the defendants. The driver and conductor were the only persons in charge of the car. It was their duty to receive persons upon the car, and in receiving the plaintiff they acted within the scope of their employment, even though they disobeyed instructions in not demanding fare. *Wilton* v. *Middlesex R. R. Co.*, 107 Mass., 108. When the servant, as in this case, acting within the general and apparent scope of his employment, disobeys a direct command of his master, he notwithstanding makes his master responsible for his acts. *Bayley* v. *Manchester &c. R. R. Co.*, L. R. 8 C. P., 148; *Lackawanna &c. R. R. Co.* v. *Chenewith*, 52 Penn. S. R.,

382; *Pittsburgh &c. R. R. Co.* v. *Caldwell*, 74 id., 421; *Philadelphia &c. R. R. Co.* v. *Derby*, 14 How., 468; *Drew* v. *Sixth Av. R. R. Co.*, 26 N. York, 49. If the plaintiff was upon the car with the direct assent of the driver and in full sight of the conductor and was permitted by both to remain, he was not a trespasser. Is there no distinction between the rights of a person who steals a ride unknown to the officers of a car, and those of one who openly and with their consent takes his place upon it but pays no fare? If there is the evidence was admitted rightly. Wharton on Neg., § 354; *Carroll* v. *N. York & N. Haven R. R. Co.*, 1 Duer, 571; *Jacobus* v. *St. Paul & Chicago R. R. Co.*, 20 Minn., 125, 134; *Dunn* v. *Grand Trunk R. R. Co.*, 58 Maine, 187; *Columbus &c. R. R. Co.* v. *Powell*, 40 Ind., 37; *Great Northern R. R. Co.* v. *Harrison*, 10 Exch., 376; *Austin* v. *Great Western R. R. Co.*, L. R. 2 Q. B., 442.

3. But if we waive all question whether the permission of the officers of the car could change the position of the plaintiff from trespasser to passenger, and admit that he was a trespasser, the evidence is still admissible as bearing upon the negligence of the driver and conductor. Even if the plaintiff was a trespasser and continued as such, he was not withdrawn from the protection of that rule which requires that no person shall negligently injure another. *Lovett* v. *Salem &c. R. R. Co.*, 9 Allen, 557; *Pittsburgh &c. R. R. Co.* v. *Donahue*, 70 Penn. S. R., 119; *Rounds* v. *Delaware &c. R. R. Co.*, 64 N. York, 129; *Northwestern R. R. Co.* v. *Hack*, 66 Ill., 238; *Lynch* v. *Nurdin*, 1 Adol. & El., N. S., 29. The law is perfectly well settled in Connecticut. *Johnson* v. *Patterson*, 14 Conn., 1; *Birge* v. *Gardiner*, 19 id., 507; *Daley* v. *Norwich & Worcester R. R. Co.*, 26 id., 591; *Isbell* v. *N. York & N. Haven R. R. Co.*, 27 id., 393; *Woolf* v. *Chalker*, 31 id., 121. If, therefore, the plaintiff was a trespasser the defendants could not negligently drive over him without liability. The knowledge of the driver and conductor that the plaintiff was upon the car and that he intended to get off at the post office was important to be shown, not in this view of the case as giving the permission

of the company, but as bearing upon the question of negligence.

CARPENTER, J. The plaintiff at the time of the accident was ten years old. He was riding on one of the defendants' cars with the knowledge and consent of the conductor and driver, but without paying fare. He was requested by the driver to take a package of newspapers, which was being carried upon the car, and leave it at the post office in Fair Haven, where the boy intended to get off. He took the papers, and without notice to the conductor or driver, and while the car was in motion, before reaching the crossing where the car usually stopped, stepped off at the forward end of the car, and in doing so was thrown under the wheel and received the injury complained of. The managers of the car had no authority to carry passengers free. A notice was conspicuously posted in the car, printed in large letters, forbidding passengers, among other things—"1. To get on or off, or to occupy the forward platform." * * "3. To stand on the steps, or get on or off the cars when in motion." And at the close was the following:—"The company will not be responsible for any accident occurring under a violation of any of the above rules."

The court found, "that this injury was the result of the careless and negligent driving and management of the car by the defendants' driver and conductor of the same. The plaintiff in getting off the car, under the circumstances, used as much care, caution and prudence as could be expected from a person of his age, and no contributory negligence on his part is found to have been proven."

The court rendered judgment for the plaintiff, and the defendants moved for a new trial.

Before considering the main question in the case we will briefly notice the objections to evidence.

To the evidence offered by the plaintiff to show that he was permitted to ride on the car by the driver and conductor, the defendants objected, "upon the ground that neither the driver nor conductor had power to give the plaintiff a free

ride, and the driver had nothing to do with persons on the car; that neither was an agent of the defendants for any such purpose."

We think this objection is not well taken. The defendants' car was managed and directed by the conductor and driver. It was within the scope of their authority to receive passengers on the car and let them off. Their action was the action of the company. The defendants therefore received the plaintiff as a passenger. This fact cannot be affected by the omission of the conductor to collect fare. Moreover the matter thus proved was a part of the *res gestæ;* it shows the time and manner of the accident and the circumstances attending it.

The plaintiff, for the purpose of showing that he was not a trespasser on the car, but was there by the knowledge and permission of the defendants, and to show that the driver knew that the plaintiff intended to get off at the post office, and was negligent and careless in the management of his team, and in driving the car, and in not stopping for the plaintiff to get off, offered evidence that the driver requested the plaintiff to take a package of newspapers then on the platform, and deliver it at the post office; and that while the plaintiff was getting off the car with the package he was injured. This evidence was objected to on the ground that the driver was not the agent of the defendants for the purpose of leaving papers at the post office, or requesting or employing the plaintiff to do so.

We think this evidence was admissible for some or all of the purposes for which it was offered. It seems that the defendants were accustomed to carry packages and parcels on their car, and that both the conductor and driver had some duty to perform in respect to them. Admitting it to be true, as the objection assumes, that the driver was not authorized to leave the papers at the post office, or to employ the plaintiff to do so, still the evidence was admissible to show that the driver knew that the plaintiff was on the car, and was intending to get off at the post office; and we think that such knowledge has some bearing upon the question of negligence.

The objection that requesting the plaintiff to take charge of the papers constituted him an employee of the defendants, if true, is hardly a reason for excluding the testimony. It was still admissible for the purposes for which it was offered. But we do not consider that the plaintiff was in any sense an employee of the defendants. He was merely requested, as any other passenger might have been, as a friendly act, to deliver the papers. That did not constitute the relation of master and servant.

The objection that the declaration avers no negligence "in not stopping the car" cannot avail the defendants. It is alleged that the defendants "so carelessly, negligently and unskillfully managed and directed said car as to run said car upon and over the plaintiff." That is certainly broad enough to admit proof that the negligence consisted in part in not stopping the car at a proper time.

We now come to the principal and most important question in the case—the claim of the defendants that the facts found show, as matter of law, that the defendants were guilty of no negligence, and that the plaintiff was guilty of contributory negligence; and that the finding to the contrary by the Superior Court should under the circumstances be disregarded.

If the finding of negligence on the one hand and of due care on the other was merely a conclusion of law from the facts stated, then this would have been a legitimate question for us to consider. If on the contrary negligence and due care are simply questions of fact, then the case is placed beyond our reach by the finding.

Negligence is ordinarily a question of fact and has been so considered by this court. Sometimes however it has been treated as a mixed question of law and fact, especially in cases reserved, and the questions raised have been heard and determined. We think it must be regarded as a question of fact here. If however it were to be considered as a mixed question of law and fact, we should even then find it difficult upon any recognized principles to disturb the judgment.

If it be admitted that the plaintiff was a trespasser on the defendants' car his right of action is not necessarily thereby

defeated. But it is unnecessary to discuss this question, as we think he can hardly be viewed in the light of a trespasser. He was rightfully on the car—was there by the consent of the defendants' servants. They had a right to collect fare, and as between themselves and their employers it was their duty to do so. Their neglect of this duty did not make him a trespasser, and did not relieve them of the obligation to use reasonable care not to injure him.

In the facts as they appear there is some evidence of negligence. Negligence is a relative term. Conduct which might be negligent at one time or in respect to one person, might not be at another time or in respect to another person. Much necessarily depends upon the condition and circumstances of the parties. If the plaintiff had been an adult perhaps the notice posted at each end of the car, forbidding passengers to get on or off the forward platform or while the cars were in motion, and that the company would not be responsible for accidents occurring in consequence of any violation of these rules, would have been all that would have been required of them. There is room for the presumption that he could read the notice, and that he did read it, and that he had sufficient judgment and discretion to heed it. But the case before us is that of a mere child. He may or may not have read the notice. If he read it he may not have comprehended it. If he comprehended it the thoughtlessness of childhood may have caused him immediately to forget it and consequently to disregard it. Under these circumstances there was some obligation resting upon the driver and conductor to see that these rules were complied with.

It is perfectly natural for a boy of that age, if allowed to do as he pleases, to disregard such rules. Some restraining authority seems to have been called for in this case and none was exercised. Thus it would seem that there may have been negligence in managing and directing the car in respect to this boy, while the same circumstances in respect to a person of mature years would not constitute negligence. An adult might have stepped off the car with impunity, and the driver might properly have allowed him to judge and act for him-

self. Not so with this boy. He knew he was on the front platform in violation of the rule. Had he enforced the rule and sent him inside the car probably the accident would not have happened. He knew also that the boy intended to get off the car. If, instead of sending him inside, he had allowed him to get off but had restrained him until he had stopped the car, then there would have been no accident. So too if the conductor had looked after the plaintiff he might easily have been kept within the rules and the accident have been prevented.

These remarks are applicable to some extent to the other branch of the case—due care on the part of the plaintiff. It is found that he "used as much care, caution and prudence as could be expected from a person of his age." Conduct which might ordinarily be expected from such a boy might be negligence in an older person.

But whether the court erred in arriving at conclusions of fact is immaterial. We are unable to see that it erred in the application of legal principles.

A new trial must be denied.

In this opinion the other judges concurred.