VICTOR ROHLOFF, ADMINISTRATOR, *vs.* THE FAIR HAVEN
AND WESTVILLE RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A child of eight years is not necessarily and as a matter of law incapable of contributory negligence.

As applied to the conduct of a child of that age, ordinary care means only such care as may reasonably be expected of children of like age, judgment and experience, under similar circumstances.

Whether a street-car was equipped with proper appliances, and whether the motorman acted prudently in managing the car and did all he could to avert an accident, are questions of fact for the trial court.

While the law requires the same degree of care to be exercised toward adults and children, yet conduct which is prudent in reference to an adult may be otherwise in respect to an infant under like circumstances.

Submitted on briefs April 14th—decided June 14th, 1904.

ACTION to recover damages for negligence resulting in the death of the plaintiff's intestate, heard in damages by the Superior Court in New Haven County, *Thayer, J.*, and judgment rendered for nominal damages only, from which the plaintiff appealed. *No error.*

*David E. Fitzgerald* and *Walter J. Walsh*, for the appellant (plaintiff).

*George D. Watrous, Harry G. Day* and *Henry H. Townshend*, for the appellee (defendant).

HALL, J. The following are, in substance, the facts found by the trial court: On the 29th of September, 1902, the plaintiff's intestate, George Rohloff, who was about eight and a half years of age, was going westerly on the northerly sidewalk of Chapel Street in New Haven, on his way to school in company with his two sisters, one, Henrietta, older, and the other younger, than he, and several other children.

When they were about one hundred and fifty feet from Olive Street, toward which they were going, Henrietta ran diagonally across Chapel Street toward Olive Street to meet another girl on the south side of Chapel Street, and as she reached that sidewalk called to her brother George to follow her. He at once ran into the street from behind a tree near the curb, and started to cross the street, running a little westerly from the direct line across, and running in front of the defendant's street-car, which was going westerly on Chapel street. As the boy reached the north rail of defendant's northerly track, which north rail was thirteen feet south from the north curb of Chapel Street, he was struck by the car " and thrown to the ground just north of said rail, so that the end of the brakebeam, axle, or fender, rolled him over, and dragged him a few feet, causing injuries from which he died a few days after."

Chapel Street at the place of the accident is about thirty-five feet wide. When the plaintiff's intestate started to cross the street the car was twenty-five or thirty feet easterly of the point where he was struck, and was moving at a lawful rate of speed, about eight or ten miles an hour. There was no crosswalk at the place of the accident. The motorman managing the car was inexperienced, having been first employed by the defendant about three months before the accident, and at the time of the accident was serving in the place of a regular motorman on this route. When he saw the group of children he threw off the power so as to have the car under better control, but did not apply the brakes, nor drop the fender, nor sound the gong. He did not see Henrietta as she ran across the street, nor did he know of George's intention to cross the street until he saw him in the street near the front of the car. There was nothing along the curb line, excepting the tree, to prevent him from seeing the children two or three hundred feet ahead of him, nor any person or vehicle in the street to prevent him from seeing the plaintiff's intestate, or to prevent the latter from seeing and hearing the approaching car. In the language of the finding, " when the boy sprang into the

street in front of the car, he (the motorman) did what was proper to do, and all that could be done, before the boy was struck and injured, to avoid the accident. . . . After the motorman observed the boy in the street, there was not time to reverse the power and drop the fender before the boy was struck."

The trial court finds that the car was equipped with a proper fender; that its appliances were in good working order; that the accident was not due to the failure to drop the fender; that the motorman " was not negligent in failing to further check the car, or in failing to ring his gong, or to drop the fender, before the accident " ; and that the injuries to the plaintiff's intestate were caused by his own negligence and not by the negligence of the defendant.

The record presents no questions of evidence. Unless, therefore, the trial court, in so determining the questions of the defendant's negligence and the contributory negligence of plaintiff's intestate, has failed to apply to the conduct of one of them the proper legal test, or unless the conclusions of the trial court upon these subjects are inconsistent in law or reason with some of the subordinate facts found, the decision of that court upon the questions of negligence is final.

The allegations in the complaint, of care upon the part of the plaintiff's intestate, and of negligence upon the part of the defendant, which the latter assumed the burden of disproving upon the hearing in damages, are: that the plaintiff's intestate was in the exercise of due care ; that the defendant's car was not provided with a proper fender and was moving at an unlawful and unreasonable rate of speed; that the motorman was careless in not seeing the child, George Rohloff, as he was crossing the street, in not ringing the gong, in not dropping the fender, in not having the car under proper control, and in not stopping it in time to prevent the accident.

The claim made by the plaintiff at the trial, that a child of the age of the plaintiff's intestate was as a matter of law incapable of contributory negligence, was properly overruled

by the trial court. In *Daley* v. *Norwich & W. R. Co.*, 26 Conn. 591, 598, in which the question whether a child less than three years old, who was injured while on the defendant's railroad track, was guilty of contributory negligence, was submitted to the jury, this court said: " It might almost have been assumed as matter of law, that the plaintiff was guilty of no neglect or culpability whatever." In *Brennan* v. *Fair Haven & W. R. Co.*, 45 Conn. 284, 299, it was held that the trial court properly found a boy ten years of age not guilty of contributory negligence, who, in getting off a car, used such care, caution and prudence as could be expected from a person of his age, although the same conduct might have been negligence in an older person. In *Birge* v. *Gardiner*, 19 Conn. 507, 512, where a child between six and seven years old was injured by the fall of a gate, the question of contributory negligence was submitted to the jury in the trial court. This court said : That while " it might perhaps have been going too far, for the court to have said, as a matter of law, that a child of this age could not be so blameworthy as to excuse the defendant," the court would not say that such cases might not be imagined, or might not sometimes occur. In *Nolan* v. *New York, N. H. & H. R. Co.*, 53 Conn. 461, 478, it was said that it was a mistake, if the trial court decided, as a legal question, that a plaintiff seven years of age was not guilty of contributory negligence in attempting to cross the defendant's railroad track. In *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548, 559, the plaintiff, who was ten years of age, was injured by the machinery of a mill in which he was an operative. It was held that if the question whether he was mature enough to appreciate the hazards of his employment, was important, it was a question of fact for the jury.

Although in the case at bar the child injured was but eight and a half years old, the plaintiff, in the absence of any allegation of proof that the injury was produced by any wanton or intentional act of the defendant, was not entitled to recover substantial damages, if upon the hearing in damages the defendant proved that the failure of the

child George to exercise reasonable care, under all the circumstances, essentially contributed to cause his injury. The fact that the carelessness of the plaintiff's intestate which so contributed to cause the accident was that of a child eight and a half years of age did not, as matter of law, deprive the railroad company of the defense of contributory negligence. But that defense was not established by bare proof that the child, George, failed to act with that prudence and foresight which would have been required of an adult under similar circumstances. The term "ordinary or reasonable care," applied to the conduct of a child of the age of the plaintiff's intestate, means such care as may reasonably be expected of children of similar age, judgment and experience, under similar circumstances. See the cases above cited, and *Sioux City & Pacific R. Co.* v. *Stout,* 17 Wall. 657; *Lynch* v. *Smith,* 104 Mass. 52; *Plumley* v. *Birge,* 124 id. 57; *Hayes* v. *Norcross,* 162 id. 546; *Morey* v. *Gloucester Street Ry. Co.,* 171 id. 164. That the trial court applied this test to the conduct of the child, and that it reached a correct conclusion upon the question of contributory negligence, as one fact, we have no occasion to question from the finding before us.

The conclusion thus properly reached by the court, that the injuries were caused by the negligence of the child, George Rohloff, is decisive of the case, since it forbids a recovery of more than nominal damages, even if the record shows that the defendant was also negligent. But we discover no error in the rulings and conclusions of the court upon the question of defendant's negligence. The question of the rate of speed of the car; whether it was equipped with a proper fender; what the motorman should have done in order to have his car under control after he saw the children on the street, and what he ought to have anticipated that the children might do; whether, after seeing the boy in the street and before he was struck, he could have reversed the power and dropped the fender, and whether during that time he did all that could have been done to avert the accident, were wholly questions of fact, the decisions of the trial

court upon which we cannot review upon this appeal. The question of defendant's negligence was one of reasonable care and diligence upon the part of the motorman under all the circumstances. The law lays down no such fixed and definite rules as to the acts required to be performed by a motorman in the management of an electric car, under such circumstances, as will warrant us in saying as a matter of law that the motorman's conduct was not reasonable in the present case.

There was no allegation in the complaint that the defendant failed to employ a competent motorman, nor does it appear that the inexperience of the motorman in any way contributed to cause the accident.

Upon the trial of the case the plaintiff made, among others, this claim of law : " When a duty exists, the degree of care required by law toward infants is greater than that required toward adults." This language does not correctly state the law as held in *Nolan* v. *New York, N. H. & H. R. Co.*, 53 Conn. 461, 474, cited by plaintiff in support of this claim. In regard to the claim, the trial court correctly ruled " that the same degree of care is required toward infants as toward adults, but that conduct which comes up to that degree of care when exercised toward adults may fall short of it when exercised toward infants under the same circumstances."

There is no error.

In this opinion the other judges concurred.