DANIEL LYNCH, ADMINISTRATOR, vs. VANCE SHEARER.

Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The plaintiff's evidence went to show that his intestate, a boy eleven years old, started to run across the street, without looking in either direction; that he was struck and fatally injured by an automobile running at an excessive speed, on the wrong side of the road; and that no signal had been sounded since it passed a point four hundred feet away. *Held* that the jury were entitled to determine whether the boy exercised such care as could be reasonably expected of one of his age, judgment and experience.

Argued January 20th—decided February 3d, 1910.

ACTION for damages for negligently killing the plaintiff's intestate, brought to the Superior Court in New Haven County and tried to the jury (*Case, J.*). A nonsuit was granted and a motion to set it aside denied. *Error and new trial ordered.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Jacob P. Goodhart,* for the appellee (defendant).

BALDWIN, C. J.   The plaintiff's evidence, taking it
in the most favorable light for him, is such that we can-
not say that the jury might not have found the follow-
ing state of facts:—

In the afternoon of March 12th, 1908, the defendant
was managing an automobile which was proceeding
along one of the principal streets in the city of New
Haven, at an excessive rate of speed.   The automobile
contained five young men, who were talking and laugh-
ing.   It reached a bridge, crossing over a railroad,
without slowing down, and on the left-hand side of the
street.   A boy of eleven (the plaintiff's intestate) who
was on this bridge, on the left-hand sidewalk, started
to run across the street, and was almost immediately
struck by the automobile and fatally injured.   When
he started, the automobile was about one hundred and
seventy-six feet distant.   It was not brought to a stop
until it had traveled over sixty feet from the point of
the collision.   It had given a signal of its approach
when about four hundred feet distant, but none since.
The boy did not look either way, as he started to run
and ran.   Two other boys, with whom he had been
playing, called to him "Look out."   He thereupon
threw up his hands, just before he was struck.

The automobile was not on the side of the street, for
vehicles on which, coming from the west, one crossing
the street might be expected, in the ordinary course of
things, to be on the watch.   The cries of the lad's com-
panions did not indicate the nature of the danger.

Under such circumstances, whether the boy exer-
cised such care as could be reasonably expected on the
part of one of his age, judgment, and experience, would
be a question for the jury to decide.   *Rohloff* v. *Fair
Haven & W. R. Co.,* 76 Conn. 689, 58 Atl. 5.

The evidence of negligence on the part of the defendant was plainly sufficient to entitle the plaintiff to go to the jury on that issue.

There is error and a new trial is ordered.

In this opinion the other judges concurred.