ELLEN BOLAND *vs*. THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The youth and immaturity of a child may be a circumstance to be considered in determining the alleged negligence of a defendant as well as the question of the child's own contributory negligence.

Whether a child nine years old and of average intelligence and brightness for one of that age, was or was not guilty of contributory negligence, is not a question of law, but one of fact involving a twofold inquiry: first, as to what can reasonably be expected of a child of that age, understanding and judgment, and second, whether her conduct upon the occasion in question was such as to meet these expectations.

Argued June 8th—decided July 12th, 1910.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.*, who directed a verdict for the defendant, from the judgment upon which the plaintiff appealed. *Error and new trial ordered.*

*Charles S. Hamilton* and *Denis T. Walsh*, for the appellant (plaintiff).

*Harry G. Day* and *Thomas M. Steele,* for the appellee (defendant).

PRENTICE, J.   The plaintiff was injured by being run into by the defendant's trolley work car while she was in the act of crossing, somewhat diagonally, Main Street in Ansonia.   Had she been an adult at the time her injuries were received, we should have no hesitation in sustaining the action of the court in directing the verdict for the defendant.   She, however, was a child nine years and three months of age, and, according to the evidence presented on her behalf by her parents, relatives, and teachers, and unquestioned, one of average intelligence and brightness for her years.   This fact of the plaintiff's youth and immaturity is one which had a pertinence with respect to both the issues presented. *Wilmot* v. *McPadden,* 78 Conn. 276, 283, 284, 61 Atl. 1069, 79 Conn. 367, 377, 65 Atl. 157; *Brennan* v. *Fair Haven & W. R. Co.,* 45 Conn. 284, 298.   As bearing upon that of the defendant's negligence, it might well have been found that the plaintiff's childhood and immaturity, as the motorman had reason to appreciate it from a casual observation of her, was such as should have influenced him as a reasonably prudent man in the operation of the car.   As bearing upon the question of contributory negligence, while it could not be said as a matter of law that she was incapable of negligence, it could not, on the other hand, be said as a matter of law that conduct on her part which would properly be regarded as negligence in an adult would amount to negligence in her, such as would bar her recovery for injuries received through the negligence of another. *Rohloff* v. *Fair Haven & W. R. Co.,* 76 Conn. 689, 691, 58 Atl. 5; *Lynch* v. *Shearer,* 83 Conn. 73, 75 Atl. 88.   Her age and average intelligence placed her in a position where her conduct was to be measured as a question of

fact, not only as related to the circumstances surrounding the accident, but as related to her age and maturity of intelligence and judgment. The question for the trier, therefore, was not the ordinary one of whether or not her conduct was that of an ordinarily prudent person under like circumstances, but a mixed or double one involving two inquiries: first, as to what was to be reasonably expected of a child of her age, intelligence and judgment; and second, whether her conduct upon the occasion in question was such as to meet these expectations.

Such having been the situation upon the trial, we are of the opinion that there was sufficient evidence presented in support of the plaintiff's contention to entitle her to have the question submitted to the jury as to whether or not she, in view of her age and immaturity, was entitled to a recovery. *Lynch* v. *Shearer*, 83 Conn. 73, 75 Atl. 88.

There is error and a new trial is ordered.

In this opinion the other judges concurred.