LEO KISHALASKI, ADMINISTRATOR, *vs.* JOHN T. SULLIVAN.

Third Judicial District, Bridgeport, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

In an action to recover damages for the alleged negligence of the defendant's chauffeur in running over and killing a seven year old boy in the evening on the highway, the jury returned a verdict for the defendant. *Held* that this conclusion was one which the jury might reasonably have reached, upon the evidence before them, upon two grounds: first, that the chauffeur was not negligent in failing to see the boy in time to avoid hitting him, and second, that the boy was guilty of contributory negligence.

While the conduct of a boy seven years old is not to be judged by the same standard as that applied to an adult, he is nevertheless bound to exercise such care as may reasonably be expected of children of similar age, judgment and experience, under like circumstances; and the question whether such care was exercised or not in a particular instance is one for the determination of the jury.

The plaintiff in his brief appealed to the doctrine of the last clear chance. *Held* that the evidence afforded no reasonable ground for the application of this principle.

The appellant contended that the court erred in assuming that the automobile lamps were lighted at the time of the accident and in instructing the jury to that effect. *Held* that while the language of

the charge did not bear out this interpretation of it, the trial court would not have committed any harmful error had it so declared, since every witness upon that subject, upon both sides, testified explicitly to that effect, and any other conclusion by the trier would have been wholly unwarranted.

A court performs its whole duty when, as in the present case, it gives instructions adapted to the issues which are correct in law and sufficient for the jury's guidance in the case before it.

Instructions should be confined to matters which may be material to the determination of the issues upon the facts as they may reasonably be found by the jury.

Argued October 29th—decided December 22d, 1919.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the negligence of the defendant's chauffeur in the operation of his automobile, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

The plaintiff's intestate, a boy seven years of age and of average intelligence, size and physical development for his years, received fatal injuries by being struck by the defendant's automobile operated in his business by his chauffeur along a public highway in Naugatuck. Other facts pertinent to the opinion are sufficiently stated in it.

*Clayton L. Klein* and *John F. McDonough,* for the appellant (plaintiff).

*Edward B. Reiley,* for the appellee (defendant).

PRENTICE, C. J. The plaintiff's first complaint is of the refusal of the court to grant his motion to set aside the verdict as being against the evidence, and to grant a new trial. The evidence was not widely contradictory. That presented on behalf of the plaintiff

and on the defendant's behalf, alike clearly established that the defendant's chauffeur was proceeding along on his right-hand or the northerly side of a street unobstructed by other vehicles, at a very moderate speed and with the lights of his car lighted. In all these regards he was traveling as the law directs, and as reasonable prudence would dictate. If the injuries to the plaintiff's intestate, a boy of seven years of age, were in any respect chargeable to the chauffeur's negligence, it must have been to negligence arising from a want of care on his part in not seeing as soon as he reasonably ought the boy as he crossed the street in a direction which led him to pass in front of the automobile, or else in not turning or stopping the automobile as an ordinarily careful man would do under like circumstances. The chauffeur testified that he did not see the boy until after he was hit, and there is neither evidence nor claim to the contrary. Whatever negligence the chauffeur was guilty of must, therefore, have consisted in his failure to see the boy, as he reasonably ought, as he came into a position of danger or threatened danger, and this is the essence of the plaintiff's claim. There was evidence touching this point which the jury well might, and quite likely did, believe, that the boy, who had been walking with companions on the southerly sidewalk, suddenly left them and ran across the street and directly in front of the defendant's car. Under such circumstances we cannot say that the jury's conclusion that the chauffeur was not negligent in failing to see the boy in time to avoid hitting him, was so unreasonable that its verdict should be set aside.

If, on the other hand, the conclusion upon which it founded its verdict was that the deceased was guilty of contributory negligence, the result is the same. Had the boy been an adult in the possession of his senses, there can be no doubt that his negligence would have

been a proximate cause of the injuries he received. His conduct is not, however, to be judged by the same standard as that applied to a man's. But being, as he was, of average intelligence and ordinary physical development, he was not incapable of negligence, that is to say of a failure to exercise "such care as may reasonably be expected of children of similar age, judgment and experience, under similar circumstances." *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 693, 58 Atl. 5. The question of the boy's negligence, in view of all the pertinent considerations of age, maturity, intelligence, experience, and so forth, was one for the jury, and its finding must be final in so far as the facts involved in the present case are concerned. To hold otherwise would be to supersede its conclusion of fact by a conclusion of law contrary to accepted principles. *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 691, 58 Atl. 5; *Murphy* v. *Derby Street Ry. Co.*, 73 Conn. 249, 47 Atl. 120; *Nolan* v. *New York, N. H. & H. R. Co.*, 53 Conn. 461, 469, 478, 4 Atl. 106.

Plaintiff's counsel in their brief make an appeal to the doctrine of the last clear chance. Conditions justifying the application of that doctrine do not by reasonable possibility arise upon the evidence.

The charge of error contained in the second reason of appeal is in substance that the court erred in instructing the jury in effect, as claimed, that the undisputed evidence of both sides that the lights of the automobile were lighted at the time of the accident, removes that subject from the domain of controversy and forbade a conclusion to the contrary. While the court's language neither bears out this interpretation of it, nor amounts to a withdrawal of that question from the jury's decision, it would not have been harmful error had it treated the fact that the car was lighted as established. Every witness who testified

upon the subject, including the plaintiff's own, so testified explicitly, and there was no evidence to the contrary from any one of the several witnesses of the affair. A conclusion otherwise by a trier would have been wholly unwarranted. Counsel for the plaintiff have indeed attempted to justify a claim to the contrary by deductions drawn from the fact that the chauffeur did not see the boy, the argument being that as he did not see him there was no other so reasonable a deduction as that his lights were not lighted. A sufficient answer to this line of reasoning is that there are other deductions equally well founded, and that the inference thus sought to be drawn is based upon pure speculation and opposed to an abundance of direct and uncontradicted evidence of eye-witnesses.

Reasons of appeal three to eight are based upon the failure of the court to instruct the jury, either in the language of the statute or in substantial accord therewith, what our statutes prescribe as rules to be observed by motor-vehicle operators while operating in a highway in respect to speed, the reduction of speed upon approaching other persons walking or riding in the highway, the reduction of speed and the giving of timely signal when approaching intersecting highways, the display of lights, the illuminating power of lights to be displayed, and the passing of persons overtaken. Public Acts of 1917, Chap. 333, §§ 11, 14, 22; Public Acts of 1917, Chap. 305; General Statutes, §§ 1534, 1535, 1538, 1540, 1567 to 1587. It is suggestive of the plaintiff's counsel's regard for the importance of instructions such as the court is charged with having improperly omitted, that although he filed numerous and voluminous requests to charge, they embodied none that the jury be instructed in regard to either one of these statutory provisions as such. The court performed its whole duty when it gave, as it did, instruc-

tions correct in the law, adapted to the issues, and sufficient for the jury's guidance in the case before it. *Hartford* v. *Champion*, 58 Conn. 268, 276, 20 Atl. 471; *Smith* v. *Hall*, 69 Conn. 651, 666, 38 Atl. 386; *Rosenstein* v. *Fair Haven & W. R. Co.*, 78 Conn. 29, 31, 60 Atl. 1061. "Instructions should be confined . . . to matters which may be material to the determination of those issues upon the facts as they reasonably may be found in view of the evidence." *Radwick* v. *Goldstein*, 90 Conn. 701, 709, 98 Atl. 583.

The remaining two reasons of appeal are not pursued.

There is no error.

In this opinion the other judges concurred.