FRANK RAPPA *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and KELLOGG, Js.

Under our law an immature child is required merely to use such judgment and experience as children of similar age, judgment and experience would use under the circumstances. Hence it *is* error for the court, in an action for damages for personal injuries brought by a boy under four years of age, to charge in effect that the plaintiff was bound to use such care as a reasonably prudent boy of his age would have used under similar circumstances, since there is thus no reference to the elements of judgment, discretion and self-control, and no proper allowance for the thoughtlessness of childhood.

The charge upon the degree of care which the defendant's motorman was bound to exercise in operating his car at a place where children were likely to be found in the street, examined and *held* to be erroneous.

The case of *Lederer* v. *Connecticut Co.*, 95 Conn. 520, followed.

Argued April 19th—decided June 1st, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the de-

fendant, brought to the Superior Court in New Haven County and tried to the jury before *Burpee, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff, then a child less than four years old, was crossing Winthrop Avenue in New Haven when he was struck and injured by the defendant's trolley-car. Plaintiff claimed to have proved that the injury was caused by the failure of the motorman to stop the car or bring it under control after he had notice that the plaintiff was or was likely to be in a position of peril. Defendant claimed that the motorman had his car under control, and that the plaintiff, after having reached a place of safety, suddenly turned back and ran into the front end of the car. The errors assigned relate to the charge of the court upon the issue of contributory negligence as applied to children of tender years, and as to the degree of care required of a motorman in operating his car at a place where he has notice that children are or may be in the street.

*Samuel Campner,* with whom, on the brief, was *Walter J. Walsh,* for the appellant (plaintiff).

*Harrison T. Sheldon,* for the appellee (defendant).

BEACH, J. We have very recently restated our rule as to the degree of care required of immature children, in the case of *Lederer* v. *Connecticut Co.,* 95 Conn. 520, 111 Atl. 785. In that case the trial court charged the jury that the plaintiff's intestate, "if only five years and eight months old was bound to use such care as reasonably prudent boys of his age under similar circumstances would have used." Of this instruction we said: "This instruction differs from our rule of reasonable care for the immature child. We merely require

him to use such judgment and experience as children of similar age, judgment and experience would use under the circumstances. . . . Knowledge of the child is one consideration in ascertaining whether he has been guilty of contributory negligence, but it is not the controlling element. The judgment of the boy—that is, his discretion to heed and his power of self-control—is the predominant element." Citing *Brennan* v. *Fair Haven & W. R. Co.*, 45 Conn. 284, 298, 29 Amer. Rep. 679; *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 693, 53 Atl. 5; *Birge* v. *Gardner*, 19 Conn. 507, 512, 50 Amer. Dec. 261.

In this case the court instructed the jury in several slightly different forms. Twice it is said that the plaintiff was bound to use such care "as a reasonably prudent boy of his age" would have used under similar circumstances; once that he was bound to use such care "as a reasonably prudent boy of his age and experience would ordinarily use"; and again that he was bound to use the care which "an ordinarily prudent boy of his age and with his knowledge and experience would ordinarily use." After some deliberation the jury returned for further instructions on this issue, and the court than gave them the following test: "Did he fail to use his senses as a reasonably prudent person of his age and his intelligence and experience would do in the same circumstances."

The charge does not contain any reference to the element of judgment, discretion or self-control. It holds up to the jury as the standard of reasonably careful conduct for a child of tender years, that which might be expected of an ordinarily prudent person whose knowledge, intelligence and experience were more or less limited by reason of his immaturity; but it fails to make proper allowance for what was called, in the *Brennan* case, "the thoughtlessness of childhood," and in the

*Lederer* case, the predominant element of discretion and self-control. In this respect the charge was erroneous and harmful.

"Ordinary or reasonable care as applied to a young child means such care as may reasonably be expected of children of similar age, judgment and experience, under the circumstances." *DiMaio* v. *Yolen Bottling Works*, 93 Conn. 597, 600, 107 Atl. 497, quoted with approval in *Lederer* v. *Connecticut Co.*, 95 Conn. 520, 111 Atl. 785. "The question for the trier, therefore, was not the ordinary one of whether or not her conduct was that of an ordinarily prudent person under like circumstances, but a mixed or double one involving two inquiries: first, as to what was to be reasonably expected of a child of her age, intelligence and judgment; and second, whether her conduct upon the occasion in question was such as to meet these expectations." *Boland* v. *Connecticut Co.*, 83 Conn. 456, 458, 76 Atl. 1005.

Upon the correlative issue of the degree of care which the motorman was bound to exercise in operating his car at a place where children were likely to be found in the street, the charge was also erroneous. It happens that the charge on this issue is practically identical with the charge in the *Lederer* case, and our reasons for sustaining the sixth, ninth, tenth and eleventh reasons of appeal are fully stated in that opinion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.