MICHAEL A. MARTIN, ADMINISTRATOR, *vs.* THE
CONNECTICUT COMPANY.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The jury might reasonably have found that as the plaintiff's intestate, a boy eleven years old, started to cross the street, the defendant's trolley car was at least three hundred feet distant, and that the boy had traversed the distance of about eighteen feet between the edge of the sidewalk and the farther rail when his foot caught in a depression in the track, and being startled by a cry from his companion to look out for a motor-truck which was approaching at high speed from the opposite direction, he turned back directly into the path of the trolley car which ran over and killed him. *Held* that the jury were justified in concluding that the boy had exercised such care as could reasonably be expected of one of his age, judgment and experience.

Argued May 6th—decided June 11th, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.;* verdict for the plaintiff for $1,100 which the trial court set aside and from this decision the plaintiff appealed. *Error; judgment to be entered on verdict.*

*Edward J. Daly,* with whom was *Dennis P. O'Connor,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellee (defendant).

MALTBIE, J.   Plaintiff's intestate, a boy eleven years old, was killed by being run over by a trolley car of the defendant while he was crossing its tracks. The defendant does not claim that there was not evidence

Martin *v.* Connecticut Co.

before the jury which would justify a conclusion that the motorman of the trolley car was negligent, but it does claim that they could not properly reach the conclusion that the boy was himself free from contributory negligence.

Taking that aspect of the evidence most favorable to the plaintiff, the jury might have found the following facts: The boy was on his way home from school, proceeding with a group of his schoolmates southerly along a sidewalk on the westerly side of the street. A single trolley track ran along that side of the street, its nearer rail being fourteen feet from the edge of the sidewalk. The paved roadway of the street was beyond the track and the space between the rails and over the ties was not filled in. There was a ditch between the sidewalk and the track. The boy's home was on the easterly side of the street, and when he was nearly opposite it, he said goodbye to his schoolmates, hopped across the ditch, and started to walk across the track. At this time the trolley car was coming northerly toward him at a speed of about fifteen or twenty miles an hour. When the boy left the sidewalk, the trolley car was a considerable distance away, the least estimate by plaintiff's witnesses being about three hundred feet and some placing it nearly twice as far away. There was no evidence that the boy saw it or looked to see if a car was coming, but it was in fact clearly within his view. An automobile truck was coming southerly along the westerly side of the paved roadway beyond the track, proceeding at a speed of about thirty miles an hour. When the boy had about reached the rail farthest from the sidewalk his foot caught in a depression in the track. One of the other boys called to him to look out for the truck. He paused, turned to the north, then to the south, and then started to go back toward the sidewalk. While

he was still between the rails the trolley car ran into and over him.

Upon these facts, the jury might well have found that the boy, had he not paused, would have passed beyond the point of danger in a moment more. They might reasonably have concluded that he was struck by the trolley car, not because he did not see it coming, not because he went upon the track when he did not have sufficient time to cross in safety, but because, delayed by catching his foot in the depression, startled by the cry of his schoolmate to look out for the truck, and confused by its approach at considerable speed from the opposite direction, he paused and then attempted to escape by turning back. Whatever would have been the case had the intestate been an adult, whether or not he exercised the care which a boy of his age, judgment and experience would have used, was a question of fact for the jury, and their conclusion that he did do so is amply justified by the facts which they might properly have found. *Rohloff* v. *Fair Haven & W. R. Co.,* 76 Conn. 689, 693, 58 Atl. 5; *Lynch* v. *Shearer,* 83 Conn. 73, 75 Atl. 88; *Russell* v. *Vergason,* 95 Conn. 331, 435, 111 Atl. 625; *Woodhull* v. *Connecticut Co.,* 100 Conn. 361, 365, 124 Atl. 42: *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 526, 131 Atl. 432.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment upon the verdict.

In this opinion the other judges concurred.