## MARY A. DUFFEE v. W. H. MANSFIELD.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued March 25, 1891—Decided April 13, 1891.

(a) Under a lease of real estate for five years, executed under seal by the lessee alone, the latter entered and remained in possession. By a separate writing under seal, attached to the lease, the defendant became responsible for the lessee's covenants, for the full time in which the latter might retain possession thereunder:

1. In such case, the legal effect of the lessor's omission to sign the lease, under the statute of frauds, had no bearing on the defendant's responsibility; for, under the terms of his own contract, the defendant was liable as surety, so long as the lessee remained in possession of the premises under the terms of the lease.          .          ·

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 291 January Term 1891, Sup. Ct.; court below, No. 125 September Term 1890, C. P. No. 1.

On September 12, 1890, an appeal by the defendant was entered 'from the judgment of a justice of the peace in favor of Mary A. Duffee against William H. Mansfield. On November 15th, the plaintiff filed a statement of claim to recover $60, being one month's rent of No. 816 Walnut street, due August 7, 1890, and interest, averring that the claim was founded upon a certain lease under date November 7, 1887, wherein the lessee, George E. Hincken, leased said premises from the plaintiff for the term of five years from the date thereof; and that for the true and faithful performance of the contracts, covenants and agreements on the part of the said lessee, therein contained, the defendant became surety. It was also averred that the said lessee went into possession of the demised premises, paid rent therefor under the terms of the lease, and he or his assigns were still in possession of the premises.

The lease, a copy of which was attached to the statement of claim, began as follows: " The subscriber agrees to take and hereby rents from Mary A. Duffee, trustee," etc.; and ended, " In witness whereof, the said lessee has hereunto set his hand and seal," etc.; and was signed and sealed by George A. Hincken, lessee, only. At the foot of the lease was a writing dated November 9, 1887, executed under seal by " Wm. H. Mansfield, Security," providing :

" I William H. Mansfield, for a valuable consideration, do hereby agree to be responsible to the above-named lessor for the true and faithful performance of the above contracts, covenants, and agreements on the part of the above-named lessee, for the full time in which he may retain possession of said premises under the above agreement, without recourse to said lessee ; hereby waiving," etc.

Arguments.

On November 19, 1890, the defendant filed an affidavit of defence averring as follows:

" That, at and before deponent signed the agreement to become surety for the lessee, it was understood and agreed between deponent and A. G. Murphy, agent for the plaintiff, that the estate to be granted to the said lessee by means of the lease then about to be executed was a term of five years, and, at the time deponent signed the said agreement of suretyship, the said lease was drawn, as it now reads, declaring the estate to be such a term; that deponent signed the agreement of suretyship upon the faith of his understanding and expectation that the term about to be created was a term of five years, and from no other motive and for no other consideration; that the lease, as appears by an inspection of it, was never signed by the lessor or by any person on her behalf, wherefore the estate thereby created was not a term of five years, but only a tenancy at will; and that deponent was not informed at any time or by any person that the said lease was not to be signed by or on behalf of the lessor. The deponent is advised and therefore suggests to the court, that he is not liable in this action, because (1) the contract between the lessor and lessee is different from that which the lessor's agent led the deponent to believe it would be, at the time the deponent agreed to become surety; and (2) the deponent having entered into his alleged contract of suretyship solely in consideration of a term of five years to be granted to the lessee, which has not been done, the consideration for the alleged contract of suretyship has failed."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, on December 20, 1890, without opinion filed, entered an order making the rule absolute. Judgment for the plaintiff having been entered, the defendant took this appeal, assigning said order for error.

*Mr. Henry C . Brown*, for the appellant.

Counsel cited: Statute of Frauds, § 1, act of March 21, 1772, 1 Sm. L. 389; Tripp v. Bishop, 56 Pa. 429; Johnston v. Cowan, 59 Pa. 280; Everhart v. Dolph, 133 Pa. 628; Whiting v. Opera-House Co., 88 Pa. 100; Stover v. Cadwallader, 2 Penny. 117; Sausser v. Steinmetz, 88 Pa. 324; Jennings v. McComb, 112 Pa. 518; McDowell v. Simpson, 3 W. 136; Bacon v. Chesney,

Opinion of the Court.

1 Stark. 192; Philadelphia v. Culp, 17 Phila. 96; Warfel v. Frantz, 76 Pa. 88; Sharp v. United States, 4 W. 21; Bensinger v. Wren, 100 Pa. 505; Miller v. Stewart, 9 Wheat. 703; Horne v. Brunskill, 3 Q. B. D. 495.

*Mr. E. Cooper Shapley*, for the appellee.

Counsel cited: Jennings v. McComb, 112 Pa. 522; Robertson v. Robertson, 9 W. 32; Hill v. Meyers, 43 Pa. 172; Aitkin v. Young, 12 Pa. 15; Greenlee v. Greenlee, 22 Pa. 226; Allen's Est., 1 W. & S. 389; Butcher v. Stapely, 1 Vern. 363; Aversford's Case, 2 Str. 783; Detrick v. Sharrar, 95 Pa. 521; Miller v. Zufall, 113 Pa. 323; Colt v. Selden, 5 W. 525; Lowry v. Mehaffy, 10 W. 389; McFarson's App., 11 Pa. 510; Cadwalader v. App, 81 Pa. 210.

PER CURIAM:

The defendant contends that the lease from Mary A. Duffee, trustee, to George A. Hincken, which he signed as surety, is not in law a lease for five years, because it is not signed by the lessor. For this reason he claims to be discharged as surety. We need not discuss the legal effect of the omission of the lessor to sign the paper. It has no bearing upon the case. The lessee entered under the lease. So long as he remains in possession the surety is liable. His obligation is "to be responsible to the above-named lessor for the true and faithful performance of the above contracts, covenants, and agreements on the part of the above-named lessee, for the full time in which he may retain posssession of said premises under the above agreement," etc.

                                        Judgment affirmed.