ROBERT CHERNOV *vs.* DENNIS A. BLAKESLEE ET AL.

Third Judicial District, Bridgeport, October Term, 1920.

WHEELER, C. J., BEACH, GAGER, CASE and HAINES, Js.

The plaintiff, a seven-year old boy, had his foot crushed by the large wheel of a steam roller, while he was walking alongside, unbeknown to its operator, after he had warned the children to get out of the way and supposed they had done so. *Held* that the jury were warranted by the evidence in returning a verdict for the defendants.

The jury were instructed that they were to determine what degree of care might reasonably be expected of a boy of the age, judgment, mentality and experience of the plaintiff, and then decide whether he had exercised such care. *Held* that this instruction was correct and adequate.

The fact that the street was closed to traffic was a circumstance admissible in evidence in determining the question of the exercise of due care by the defendants, and the jury were properly charged upon that point.

A hospital record, except as to the date of admission and of discharge, is not admissible as independent proof of the statement of facts contained therein.

Argued November 9th, 1920—decided January 6th, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants' servant, brought to the Superior Court in New Haven County where a plea in abatement was

overruled (*Curtis, J.*), and the cause was afterward tried to the jury before *Banks, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*Sidney C. Rosenberg,* for the appellant (plaintiff).

*Claude B. Maxfield,* for the appellees (defendant).

PER CURIAM. The evidence shows that several children, including the seven-year old plaintiff, gathered about the defendants' steam roller while it was taking on water from a hydrant. When the operator was ready to start the machine, he warned the children to get out of the way and supposed they had done so. The plaintiff followed the machine, walking alongside of one of the large roller wheels, which concealed him from the operator, and after a time his foot was caught under it and crushed.

On the issues of negligence and contributory negligence, no question of law is presented by this testimony; and the jury might, and did decide, one or both of those issues adversely to the plaintiff.

On the issue of contributory negligence, the jury were fully and properly charged that they were to determine what degree of care might reasonably be expected of a boy of the age, judgment, mentality and experience of the plaintiff, and then to determine whether the plaintiff exercised such care.

On the question whether the defendants and their servant were in the exercise of due care, the fact that the street was closed to traffic was one of the circumstances which the jury might take into account. The evidence of that fact was admissible, and the charge of the court on that point correct.

The hospital record, except as to dates of admission

and discharge, which were admitted, was not admissible as independent proof of the statements of fact contained therein. *Jordan* v. *Apter*, 93 Conn. 302, 105 Atl. 620. The court did not err in refusing to set aside the verdict for the defendant.

There is no error.