FLORENCE RUTKOWSKI *vs.* THE CONNECTICUT LIGHT
AND POWER COMPANY.
PETER RUTKOWSKI *vs.* THE CONNECTICUT LIGHT AND
POWER COMPANY.

First Judicial District, Hartford, October Term, 1923.
WHEELER, C. J., CURTIS, BURPEE, KEELER and KELLOGG, Js.

A five year old girl was found unconscious on the sidewalk in front of her home grasping in her smoking right hand the end of a broken wire highly charged with electricity, and with several burns on her legs. This wire, with others, had been strung on poles, but had long been permitted by the defendant to rub against the branches of a tree through which it passed, until it finally gave way and fell upon the sidewalk. In an action to recover damages for the injuries thus inflicted, the jury returned a verdict for the plaintiff for $10,000, reduced by *remittitur* to $7,500, for which judgment was rendered, and the defendant appealed. *Held:—*

1. That the evidence warranted the jury in finding the defendant negligent; and that it was also a question for them to determine, from the somewhat meagre evidence, what the child's conduct was and whether it should be deemed contributory negligence in view of her tender years.

2. That the approved standard of care to be applied by the jury in determining the question of contributory negligence was correctly stated, and its application to the situation in hand suggested in the charge as fully and clearly as the conditions required.

3. That the amount of damages was one peculiarly within the province of the jury, and that its award, especially after the reduction made by the action of the trial court, was not, upon the evidence in the

record, so excessive or exorbitant as to justify the interference of this court.

4. That the plaintiff was entitled to the immediate possession and enjoyment of the full amount of damages sustained by her, and not to that amount discounted to the date of her becoming of age, as contended by the defendant.

5. That while the jury might consider the vicissitudes and uncertainties of human life in computing the damages to be awarded, their influence or weight in such computation, was not susceptible of measurement by any known rule.

Argued October 4th—decided December 13th, 1923.

ACTIONS to recover, in the first case, damages for personal injuries alleged to have been caused by the negligence of the defendant, and in the other case, by the father of the injured child, to recover expenditures made by him for medical care and attendance furnished such child, brought to the Superior Court in Hartford County and tried together to the jury before *Banks, J.;* verdict for the injured child for $10,000, which was reduced by *remittitur* to $7,500, and for the father for $610, and from judgments thereon in favor of the respective plaintiffs, the defendant appealed. *No error.*

The plaintiff in the first of these actions is a girl who was five years old when she was injured in the manner described in her complaint, and the plaintiff in the second action is her father who sued to recover the expenditures he was compelled to make by reason of her injuries.

The material allegations relating to the defendant's liability are the same in each case, and set out that for a long time before September 15th, 1922, the defendant, for the purpose of carrying on its business of selling and distributing electricity, maintained wires carrying a high voltage of electricity on poles along a street in New Britain, and for a long time had negligently allowed one of these wires to be in contact with a tree without proper protection therefrom; that this wire

broke on September 15th, 1922, fell from its pole and struck the plaintiff child who was walking on the sidewalk below. The answers denied these allegations. The two cases were tried together. The jury found the issues for the plaintiff in each case, and awarded to the child $10,000 damages, and to the father $610.21. The trial court denied motions to set aside these verdicts as against the evidence, and granted the motion to set aside the verdict in favor of the child, on the ground that the damages were excessive, unless the plaintiff filed a *remittitur* of $2,500. This the plaintiff did, and the court thereupon rendered judgment in her favor for $7,500. The defendant appealed.

*William E. Thoms,* for the appellant (defendant).

*Josiah H. Peck* and *William F. Mangan,* for the appellees (plaintiffs).

BURPEE, J. The first reason of appeal depends upon the refusal of the trial court to set aside the verdicts on the ground that they were against the evidence produced in the trial of the causes. The defendant asserts that the plaintiffs failed to produce any evidence of the negligence of the defendant. It may be admitted, as the trial court observed, that the allegations of negligence in the complaints might have been more exact, but in the absence of any objection by the defendant before the trial, they may fairly be interpreted to describe the negligence on which the plaintiffs relied. They produced evidence to prove that the injured child was burned by coming in contact with a wire carrying a high voltage of electricity, which was maintained and solely controlled by the defendant in its business, and which had been broken and was lying on the sidewalk of a public street; that the defendant

for a long time had known this wire was rubbing against the branches of a tree through which it was strung, and had done nothing to prevent it; that this rubbing wore off the insulation on this wire along six inches of its surface and finally caused it to break and fall. The record shows that the defendant offered no evidence concerning these matters, but merely claimed to have proved that at about the time the wire was broken the wind was blowing at the rate of twenty-five miles an hour. In this situation the jury could reasonably have drawn the inference that the defendant was negligent substantially in the manner indicated in the complaints.

Having reached that conclusion, it remained for the jury to determine whether the negligence of the plaintiff child materially contributed to cause her injuries. This was a matter for them exclusively to decide by applying their judgment and experience to the facts which they should find to have been disclosed by the evidence. *Brown* v. *Page,* 98 Conn. 141, 146, 119 Atl. 44. But among such facts, facts concerning which no direct or affirmative evidence had been produced might be disclosed by logical inference. It is true that the record in this case contains no evidence relating to the conduct of this child at any time before the accident. It discloses only that the broken wire had been lying for five or ten minutes on the sidewalk in front of the house in which the child lived, before she was discovered lying there unconscious and grasping in her smoking right hand that part of the wire from which the insulation had been worn off, and with several burns on her legs. How she came in contact with the wire is not revealed. The conclusion most unfavorable to this plaintiff, which the jury might have reached on the evidence before them, would be that she carelessly seized the dangling wire impelled by childish

curiosity. Then it would be their duty to decide whether such conduct should be deemed contributory negligence in a child of five years of age. The trial court correctly instructed them upon this matter, saying: "In order to recover, the plaintiff must prove not only that her injuries were caused by the negligence of the defendant, as alleged, but that her own negligence did not contribute thereto. The law, however, has regard for the immaturity of childhood, and does not require the same decree of care of a child as it does of an adult. Ordinary and reasonable care applied to the conduct of a child of tender years means such care as may reasonably be expected of children of similar age, judgment and experience, under similar circumstances. Now while I do not undertake to say to you as a matter of law that a child of the age of this plaintiff could not under any circumstances be guilty of contributory negligence, you probably will not have much difficulty in determining whether or not a child of five years of age could be expected to have an appreciation of the danger involved in touching or coming in contact with a broken wire lying on the sidewalk because the same might be charged with electricity."

Under these instructions, the jury evidently reached the conclusion that this child used such care as might reasonably be expected of her in the circumstances which the evidence disclosed. With their decision of this question of fact, it is not for us in these circumstances to interfere. The trial court made no error in denying the motions to set aside the verdicts on the grounds that they were against the evidence.

Nor do we think the court erred in not giving to the jury a more definite standard by which they could determine whether or not the conduct of the plaintiff showed contributory negligence, as the appellant claims in one reason of appeal. The approved standard

of reasonable care to be applied to a child like the injured plaintiff, was accurately and definitely stated by the trial court in the part of the charge quoted above; and its particular application to the meagre evidence in this case was suggested as plainly and fully as the conditions required.

For another reason of appeal the appellant assigns the action of the trial court upon its motion to set aside the verdict in the case of the injured child on the ground that it was excessive. It appears in the record that the court granted this motion to set aside the jury's verdict awarding $10,000 damages, unless the plaintiff should file a *remittitur* of $2,500 within a specified time; that the plaintiff did this, and thereupon the court adjudged that she recover $7,500 damages. Thus we have before us an estimate made by the jury, which has been carefully considered and reduced substantially by the trial court. The jury and the court had the child's injured hand before them, and saw for themselves the degree and nature of its disfigurement and disability, and the existing conditions and probable results of the injuries were explained to them particularly and fully by experienced and competent physicians. It was apparent to them that the disfigured and disabled hand was the child's right hand; that its then condition in all probability could not be improved during her life; that its permanent functional disability was seventy-five per cent; and that in addition to the great pain which the child had suffered, she would suffer as long as she lived the mental pain which would be caused by the consciousness of the disfigurement, visible and repulsive to all persons whom she would meet. We have held: "Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. The matter is one peculiarly within the

province of the jury, whose determination will be set aside only when it appears that the sum awarded is plainly excessive and exorbitant." *Knight* v. *Continental Automobile Mfg. Co.,* 82 Conn. 291, 293, 73 Atl. 751. Examination of the evidence printed in the record of this case does not disclose that the damages awarded by the jury, after the reduction made by the action of the trial court, were plainly excessive and exorbitant. We find no satisfactory reasons for interference with the final award.

The appellant claims that the trial court mistook the law in omitting to charge the jury that when they had determined the amount which should be allowed as fair compensation for pain, permanent disability and disfigurement, · they should then determine the present worth of that amount and return a verdict for the smaller sum. This claim is based on the assertion that this plaintiff, only five years of age, will not be entitled to the sum awarded to her until she shall come of age. There is no legal ground for this assertion. In fact this plaintiff was entitled from the date of the judgment to the immediate possession and enjoyment of the full amount of damages allowed to her, although her rights must be exercised by a guardian of her estate. General Statutes, §§ 4865, 4866.

In another reason of appeal the defendant complains that the trial court erred in not charging the jury that the particular items of negligence alleged in the complaints were the only ones they could consider in determining whether the defendant was negligent or not. Apparently the appellant has overlooked those parts of the charge in which the court stated, in the usual terms, that the burden was on the plaintiffs to establish the material allegations of their complaints by a fair preponderance of evidence, and then called the attention of the jury in simple and sufficient lan-

guage to the essential facts which must be proved under these allegations.

In its charge to the jury respecting the amount of damages to be given, the trial court instructed the jury that the little girl should recover fair compensation for the pain which she had suffered and for any pain which she would probably suffer in the future, and in addition for the disability and disfigurement of her hand which would continue all the days of her life. The appellant complains that the court did not specifically instruct them to take into account the probabilities of accident or sickness or other happenings which might intervene to affect or terminate the results of her injuries; and that the failure to give such particular instructions resulted in a verdict for excessive damages. Such probabilities are always counted among the vicissitudes of human life, but their effect upon the affairs of men cannot be reckoned in advance even approximately. While the jury might consider these uncertainties, no rule could be given to them by which to measure the influence or weight they should have in fixing the amount of fair compensation. In this case, moreover, the fact that the verdict finally approved was not excessive, manifests that the defendant was not aggrieved by the neglect of the trial court to give specific instructions concerning a matter of common knowledge.

There is no error.

In this opinion the other judges concurred.