STEPHEN MARFYAK, SR., ADMINISTRATOR (ESTATE OF STEPHEN MARFYAK, JR.) *vs.* THE NEW ENGLAND TRANSPORTATION COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 2d—decided May 7th, 1935.

*Edward R. Brumley*, with whom was *John H. Gardner, Jr.*, for the appellant (defendant).

*George C. Conway*, with whom was *Stephen F. Dunn*, for the appellee (plaintiff).

HINMAN, J. The plaintiff's decedent, his son Stephen, Jr., was killed by coming in contact with a bus of the defendant while crossing a street in Torrington. He was five and one-half years old, an active child in good health, and had attended school about three months up to the time of his death. The single assignment of error pertains to a portion of the charge, dealing with the question of contributory negligence of the plaintiff's decedent, as follows: "In weighing and measuring the conduct of this five and one-half year old boy to determine whether or not he was guilty of contributory negligence, you must use as a standard of due care that care which a reasonably prudent boy of the age of five and one-half years would exercise under the circumstances surrounding this boy. A child lacks the knowledge, experience and judgment of an adult. His conduct cannot be measured by that of a reasonably prudent adult. Did Stephen Marfyak, Jr., do or fail to do that which a reasonably prudent boy of the age of five and one-half years would not have done or would not have failed to do under the circumstances by which he was surrounded? If so, was such act a proximate cause of his death? The

defendant claims that the child ran heedlessly and recklessly into the side of the bus at a place between crosswalks where his presence could not be anticipated. The plaintiff claims that the child crossed the street as would any reasonably prudent child of the age of five and one-half years." Error is assigned in that thereby, it is claimed, the trial court "directed the jury to apply an objective, external standard of care to the conduct of the five and one-half year old decedent, although the proper standard is subjective and internal."

In determining whether or not an adult party was negligent, the standard to be applied by the trier is that of the ordinarily prudent man. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 21 Atl. 675, 22 id. 544. This standard is applied by "placing a reasonably prudent man" in the situation of the party whose conduct is under inquiry, and then determining "whether his conduct would coincide" with that of the party. *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 475, 492, 37 Atl. 379. "In applying this rule to the conduct of adults recourse is had to a mythical person called the 'standard man' with whose conduct that of the actor is to be compared." *Charbonneau* v. *MacRury*, 84 N. H. 501, 509, 153 Atl. 457, 73 A. L. R. 1266, 1273. This is "an external standard, and takes no account of the personal equation of the man concerned." *The Germanic*, 196 U. S. 589, 596, 25 Sup. Ct. 317, 49 L. Ed. 610, 613. "Instead . . . of saying that the liability for negligence should be co-extensive with the judgment of each individual, which would be as variable as the length of the foot of each individual, we ought rather to adhere to the rule which requires in all cases a regard to caution such as a man of ordinary prudence would observe." *Vaughan* v. *Menlove*, 3 Bing. N. C. 468, 475; *S. C.*, 4 Scott, 244,

quoted in *Commonwealth* v. *Pierce,* 138 Mass. 165, 176, and referred to by Justice Holmes in the opinion in *The Germanic,* supra, as exploding, "if it needed exploding, the notion" that the standard should be "co-extensive with the judgment of each individual." 20 R. C. L. p. 26. Such is the rule and the method of its application to the normal adult, whether he is charged with primary fault or with contributory negligence. Possessed of a yardstick with which the law presumes them to be familiar—the reasonably prudent man—the jury apply it to the conduct in question and determine whether it measures up to that standard.

However, "the law . . . has regard for the immaturity of childhood, and does not require the same degree of care of a child as it does of an adult." *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 53, 123 Atl. 25. This indulgence in appraising the conduct of a child is not accorded through any arbitrary exception to the general rule of reasonable care under all of the circumstances. Although the standard which the rule makes applicable in testing the conduct of an adult cannot be employed in disregard of the actor's immaturity, a standard taking into account his age, mental development and experience, as disclosed by the evidence, is set up and applied. While the criterion of the care required of a child may be stated broadly to be that which an ordinarily prudent child of the same capacity to appreciate and avoid danger of injury would use under similar circumstances, it has been phrased, by the courts of the several states, in many different, although, in essence, similar ways. 45 C. J. p. 1005; 37 Yale Law Journal, p. 620. Our own conception of the rule has been definitely established, by frequent repetition of statement and long-continued adherence,

in substance, in charges approved on appeal, as "such care as may reasonably be expected of children of similar age, judgment and experience." *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 53, 123 Atl. 25; *Morro* v. *Brockett*, 109 Conn. 87, 90, 145 Atl. 659; *Menzie* v. *Kalmonowitz*, 107 Conn. 197, 201, 139 Atl. 698; *Brown* v. *Page*, 98 Conn. 141, 146, 119 Atl. 44; *Lombardi* v. *Wallad*, 98 Conn. 511, 120 Atl. 291; *Lederer* v. *Connecticut Co.*, 95 Conn. 520, 525, 111 Atl. 785; *Chernov* v. *Blakeslee*, 95 Conn. 617, 111 Atl. 908; *DiMaio* v. *Yolen Bottling Works*, 93 Conn. 597, 600, 107 Atl. 497; *Kishalski* v. *Sullivan*, 94 Conn. 196, 199, 108 Atl. 538; *Boland* v. *Connecticut Co.*, 83 Conn. 456, 76 Atl. 1005; *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 693, 58 Atl. 5; *Brennan* v. *Fair Haven & W. R. Co.*, 45 Conn. 284, 299.

The specific criticism which the appellant, in its brief, makes of the charge is that the jury were "directed to consider only the conduct of reasonably prudent boys of that age and were not allowed to use for their guidance the intelligence, judgment, experience, knowledge and capacity of Stephen Marfyak, Jr., himself," the claim advanced being that the personal characteristics of the child himself, which the assignment of error denominates the "subjective and internal standard," instead of the "objective, external standard," which the charge is construed as utilizing, "furnishes the true test by which to judge the conduct of minors in this State." The foregoing discussion and citations demonstrate that the objective or "external" standard obtains here, as in most jurisdictions. The age, mental capacity and experience of the child immediately in question are to be taken into consideration—in a sense individualized and subjectively—but are so considered only for the purpose of enabling the jury to set up the standard, objective in its na-

ture,—a child "of similar age, judgment and experience" with which his conduct is to be compared and tested. 37 Yale Law Journal, p. 625. See, for example, charge in *Lombardi* v. *Wallad,* supra (Records & Briefs, Vol. 248, p. 701). Therefore the instruction complained of, as construed by the appellant, affords no ground for the attack made upon it by the assignment of error.

In our view, however, that portion of the charge is open to criticism in another respect, not made ground of appeal. The standard stated was "that care which a reasonably prudent boy of the age of five and one-half years would exercise under circumstances" surrounding this boy. Age is only one of the elements to be considered, along with experience and judgment, the latter, involving discretion and power of self-control, being predominant. *Lederer* v. *Connecticut Co.,* supra, pp. 525, 526; *Grenier* v. *Glastonbury,* 118 Conn. 477, 481, 173 Atl. 160; *Morro* v. *Brockett,* 109 Conn. 87, 90, 145 Atl. 659. The finding shows that evidence was introduced as to relevant attributes of the decedent other than merely his age—his health, activity, and school experience. The facts found proven thereby are elements to be regarded in arriving at the conception of the child of similar capacities constituting the recognized standard, while the charge brought to the consideration of the jury only the general observation, that "a child lacks the knowledge, experience and judgment of an adult." It is unnecessary to decide whether or not this deficiency would have constituted reversible error if it had been made a ground of appeal.

There is no error.

In this opinion the other judges concurred.