WILLIAM D. GREENE, ADMINISTRATOR (ESTATE OF MAURICE S. GREENE) *v.* PASQUALE DIFAZIO ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 6—decided May 23, 1961

*Kevin T. Gormley,* with whom, on the brief, was *Martin E. Gormley,* for the appellants (defendants).

*Clarence A. Hadden,* with whom were *David C. Hadden* and, on the brief, *William L. Hadden* and *Joseph N. Perelmutter,* for the appellee (plaintiff).

MURPHY, J. Maurice Greene, the plaintiff's decedent, was nine years old when he fell from the second story into the cellar of a house being constructed by the defendants. He was attempting to walk across a plank laid over an open stair well, to reach a ladder running to the first floor. He died as a result of the injuries sustained. The jury returned a verdict for the plaintiff to recover damages for the boy's death. The trial court refused to set the verdict aside. The defendants have appealed from the judgment rendered on the verdict. Error has been assigned in the failure of the court to set aside the verdict and in denying the defendants' motion for judgment notwithstanding the verdict. The same principles are to be applied in the review of the court's action on each motion. Maltbie, Conn. App. Proc. § 208.

The defendants alleged contributory negligence and assumption of risk as special defenses. They claim that under the facts in this case each applied as a matter of law. The facts, which are not disputed, may be summarized as follows: The defendants were engaged in the construction of a number

of houses in a housing project in Seymour. On September 19, 1958, about 7 p.m., Maurice, a bright, intelligent boy, called from a window on the second floor of a partly completed two-story house to a thirteen-year-old boy, a neighbor, who was walking outside. Maurice said that he was afraid to come down. The neighbor entered the house through a first-floor doorway and climbed a ladder placed in the stair well between the first and second floors. He saw Maurice standing a step or two from the opening on the second floor. The upper end of the ladder was resting against a permanent beam which extended across the center of the stair well. A plank adjacent to the ladder spanned one-half of the opening—a distance of about four feet—from the beam to the flooring of the second floor. Maurice, after saying that he was afraid to cross, started over the plank toward his friend on the ladder; he took about two steps and fell through the opening into the cellar. He had covered about one-third of the distance of four feet when he fell. It was getting dark, but the friend standing on the ladder could see Maurice and what was on the second floor. He did not know what caused Maurice to fall. After the accident, the plank was found with one end resting on the first floor and the other end leaning against the beam at the second-floor level.

The defendants concede that there was sufficient evidence from which the jury could have concluded that the defendants knew or reasonably should have known that children in the neighborhood were in the habit of entering the buildings and playing in and about them after the workmen had left. This case is therefore distinguishable from *Attardo* v. *Ambriscoe*, 147 Conn. 708, 166 A.2d 458, a somewhat similar case, in which the action of the trial court

in setting aside a verdict for the plaintiff was sustained because there was no evidence from which the jury could have found that the defendant had either actual or constructive knowledge that children played on the property.

Maurice was a trespasser on this property. One in possession of property ordinarily owes no duty to trespassers, either infant or adult, to keep the property in a reasonably safe condition for their use, since he may properly assume that they will not be there. When, however, as in this case, the possessor knows or should know that children are in the habit of trespassing on a part of the property on which he maintains a condition which is likely to be dangerous to them, he may be held liable for harm resulting to them therefrom. *Wolfe* v. *Rehbein*, 123 Conn. 110, 113, 193 A. 608. In that case, we adopted the rule which is stated in the Restatement, 2 Torts § 339. It subjects the possessor of property to liability for harm caused to young children trespassing thereon by a condition which he maintains if (a) he knows or should know that young children are likely to trespass; (b) the condition is one of which he knows or should know and which he realizes or should realize involves an unreasonable risk of serious injury to such children; (c) the children because of their immaturity do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it; and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to the children.

In addition to the facts which have been stated heretofore, there was evidence that the door and window openings of the house had not been barricaded, that the property was unguarded, and that on

the outside of the house there was a ladder, extending from the ground to a scaffolding at the second-floor level, which other boys in the neighborhood had ascended and descended and by means of which they had entered and left the house through the window openings off the scaffolding. The defendants argue that provisions (b), (c) and (d) of the rule have not been met and that therefore the jury should not have found against them. No error has been assigned by them in the charge to the jury. It must therefore be assumed that the jury were properly instructed on the applicable principles of law and that they followed those principles. *Salvatore* v. *Hayden,* 144 Conn. 437, 440, 133 A.2d 622; *Zenik* v. *O'Brien,* 137 Conn. 592, 597, 79 A.2d 769. Necessarily, negligence of the defendants had to be found in the easy access to the house and the maintenance of the dangerous condition therein, i.e., the open stair well to the cellar and the unattached plank bridging part of it, plus the reasonable foreseeability of harm to children of the general nature of that suffered by the decedent. *Attardo* v. *Ambriscoe,* supra, 712. If there was evidence from which the jury could find, or reasonably infer, that elements (b), (c) and (d) had been established, the verdict could not be reversed on this score. *Yandow* v. *Bristol,* 145 Conn. 703, 708, 146 A.2d 409; *Andrea* v. *New York, N.H. & H. R. Co.,* 144 Conn. 340, 344, 131 A.2d 642. The erection of temporary barriers and the removal of both ladders, at the conclusion of the day's work, would have prevented ready access to the house by venturesome youngsters. The gaping unguarded hole in the second floor with the sixteen foot nine inch unimpeded drop to the cellar constituted a dangerous condition and an unreasonable risk to children playing in the house, a condi-

tion the defendants should have known and should have realized would confront the children. The jury, on the basis of their knowledge of human nature generally and of children in particular, could have found that youngsters of the age and propensities of those who testified that they were in the habit of trespassing in this house would not ordinarily have realized the risk to which they were exposed. Children cannot be expected to use the judgment, and have the appreciation of danger, of a mature person. *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 53, 123 A. 25. The jury could reasonably have found that all of the conditions of the rule imposing liability had been met. *Scorpion* v. *American-Republican, Inc.*, 131 Conn. 42, 46, 37 A.2d 802.

We now take up the defendants' special defenses of contributory negligence and assumption of risk, with which they claim Maurice was chargeable as a matter of law. Essentially, they base their claim on the fact that Maurice had expressed his fear of crossing the plank and therefore must have realized the danger to him if he attempted to go over it. They also point out that he had a means of escaping from his predicament by utilizing the scaffolding and the outside ladder as an avenue of retreat. The conduct of Maurice has to be measured by that which may reasonably be expected of children of similar age, judgment and experience. *Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 49, 179 A. 9. "Knowledge of the boy is one consideration in ascertaining whether he has been guilty of contributory negligence but it is not a controlling element. 'The judgment of the boy—that is, his discretion to heed and his power of self control—is the predominant element.'" *Grenier* v. *Glastonbury,*

118 Conn. 477, 481, 173 A. 160. Contributory negligence becomes a question of law only when the conduct of the person under investigation is so manifestly contrary to that of a reasonably prudent person similarly situated that the mind of a fair and reasonable person could reach but one conclusion. *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 591, 53 A.2d 296; *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 249, 21 A. 675. Assumption of risk becomes a question of law when the only logical and reasonable conclusion to be drawn from the evidence is that the injured party, with knowledge and appreciation of the risk, voluntarily encounters it. *Dean* v. *Hershowitz,* 119 Conn. 398, 413, 177 A. 262. Nor would the fact that Maurice had knowledge of the open stair well and the likelihood of injury if he tried to cross it be alone sufficient to show that he had assumed the risk. The test is comprehension of the risk, and that involves an appreciation of the character and extent of the risk, so that an adequate basis for voluntary decision as to its assumption exists. *Dean* v. *Hershowitz,* supra. Ordinarily, the defenses of contributory negligence and assumption of risk present questions of fact, or of mixed law and fact, for the jury. *Henry* v. *Bacon,* 143 Conn. 648, 652, 124 A.2d 913; *Marley* v. *New England Transportation Co.,* supra, 589; *Magaraci* v. *Santa Marie,* 130 Conn. 323, 330, 33 A.2d 424. There is nothing in the present case to remove them from that category. There was no evidence that Maurice knew of the existence of the outside ladder. Even if he had, it would not necessarily have availed the defendants. *Gibson* v. *Hoppman,* 108 Conn. 401, 404, 143 A. 635.

There is no error.

In this opinion the other judges concurred.