******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOEL STAFFORD *v.* ALBERT ROADWAY ET AL.
(SC 19092)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued January 9—officially released June 17, 2014*

*Mary M. Puhlick*, for the appellant (plaintiff).

*Jennifer Antognini-O'Neill*, for the appellee (named defendant).

*Wystan M. Ackerman* filed a brief for the Property Casualty Insurers Association of America as amicus curiae.

*Opinion*

EVELEIGH, J. This appeal[1] arises from a cause of action for negligence and recklessness brought by the plaintiff, Joel Stafford, against the named defendant, Albert Roadway.[2] On appeal, the plaintiff asserts that the trial court improperly instructed the jury on contributory negligence because the doctrine is not an available defense to a claim involving service of alcohol to minors.[3] In response, the defendant asserts that the trial court properly instructed the jury on contributory negligence. We agree with the defendant and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts, which the jury reasonably could have found. In the afternoon of August 25, 2007, the plaintiff, who was twenty years old at the time, attended a barbecue with his friend, Bora Kim. The plaintiff gave Kim money to purchase a thirty pack of beer, five cans of which the plaintiff consumed at the barbecue. While at the barbecue, the plaintiff also smoked marijuana. The plaintiff and Kim left the barbecue on foot, taking along a garbage bag which contained their beer.

Within about fifteen minutes of leaving the barbecue the plaintiff and Kim were picked up in an automobile driven by Heidi Killiany. The defendant was in the vehicle with Killiany. They drove to the defendant's house and planned to wait there until they heard about a bonfire that was scheduled to take place that evening. While at the defendant's house, the plaintiff consumed alcohol, including one or two of his own beers and a beer provided by another guest. The defendant did not provide any alcohol to the plaintiff.

After spending approximately one hour at the defendant's house, Killiany then drove the group, including the plaintiff and the defendant, to the bonfire. When the plaintiff arrived at the bonfire he was intoxicated. At this point, there were only four or five beers left in the aforementioned garbage bag.

While at the bonfire, the plaintiff did not interact with the defendant. The plaintiff consumed additional alcohol while at the bonfire, including some of his own beer as well as some alcohol provided by others. The plaintiff became very intoxicated, and other guests at the bonfire placed him in a chair near the bonfire where he fell asleep. After a period of time, the plaintiff woke up and attempted to walk toward the woods to urinate. Individuals in attendance at the party attempted to tell the plaintiff to sit down, but he continued walking. As the plaintiff was walking, he stumbled and fell into the bonfire, which had an approximate four inch flame. The plaintiff was then taken to the hospital, where his blood alcohol content was found to be 0.202. The plaintiff suffered serious burns to his hands, forearms and buttocks.

In August, 2009, the plaintiff brought this action, alleging that the defendant, inter alia, was negligent and reckless in allowing the plaintiff, an underage drinker, to consume alcohol at the defendant's home to the point of intoxication, and to attend the bonfire in that condition. The defendant filed an answer and affirmatively pleaded contributory negligence as a special defense.

Prior to the trial, the plaintiff filed a motion in limine seeking to preclude the defendant from offering any evidence of the plaintiff's prior history of drug and alcohol abuse. The defendant objected. After hearing oral argument on the motion, the trial court reserved its ruling until trial. During the course of the trial, the trial court allowed the defendant to introduce certain evidence regarding the plaintiff's history of drug and alcohol abuse. The trial court then instructed the jury on contributory negligence. The plaintiff objected to the trial court's instruction, claiming that it was not a proper special defense.

Thereafter, the jury returned a verdict for the defendant. In its interrogatories, the jury answered that the defendant's negligence was the proximate cause of the plaintiff's injuries, but found that the plaintiff himself was more than 50 percent responsible. The jury also found that the plaintiff had not met his burden of proving that the defendant recklessly caused the plaintiff's injuries.[4]

Thereafter, the plaintiff moved to set aside the verdict on the ground that the special defense of contributory negligence was not a recognized special defense to a claim involving service of alcohol to a minor. The trial court denied the plaintiff's motion and rendered judgment in accordance with the verdict. This appeal followed.

On appeal, the plaintiff asserts that the trial court improperly instructed the jury on contributory negligence because such a defense is not a legally recognized defense for a claim involving negligent service of alcohol to a minor.[5] Specifically, the plaintiff claims that in creating the claim of negligent service of alcohol to a minor, this court relied on the fact that "minors should not be held to have assumed the same degree of responsibility as we assign to adults." *Ely* v. *Murphy*, 207 Conn. 88, 97, 540 A.2d 54 (1988). In response, the defendant asserts that the trial court properly charged the jury on contributory negligence. Specifically, the defendant claims that the existence of the claim of negligent service of alcohol to minors does not operate to wholly exempt minors from the consequences of their actions while intoxicated and that allowing the defense of contributory negligence allows the jury properly to consider the relative negligence of the minor depending on his or her age and experience. We agree with the

defendant.

We begin with the applicable standard of review. "Our analysis begins with a well established standard of review. When reviewing the challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . *State* v. *Arroyo*, 292 Conn. 558, 566, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010)." (Internal quotation marks omitted.) *State* v. *Petitpas*, 299 Conn. 99, 104–105, 6 A.3d 1159 (2010).

In the present case, the plaintiff asserts that the trial court should never have given the instruction on contributory negligence because this court's recognition of a cause of action for negligent service of alcohol to minors in *Ely* v. *Murphy*, supra, 207 Conn. 88, means that a person under the age of twenty-one is incompetent as a matter of law to be contributorily negligent.[6] We disagree.

In *Ely* v. *Murphy*, supra, 207 Conn. 93–94, this court examined whether the common law recognized a cause of action for negligent service of alcohol to minors. This court concluded that, "[w]ith respect to minors, various legislative enactments have placed them at a disability in the context of alcohol consumption. . . . These [enactments] reflect a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol." (Footnotes omitted.) Id. This court then reasoned further that "[i]n view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, *as a matter of law*, constitute the intervening act necessary to break the chain of proximate causation and does not, *as a matter of law*, insulate one who provides alcohol to minors from liability for ensuing injury." (Emphasis added.) Id., 95.

A close examination of *Ely* demonstrates that this court held that the consumption of alcohol by a minor does not automatically bar a finding of proximate cause. It did not, however, state that a minor's actions could not be taken into account in determining liability. Indeed, the holding in *Ely* incorporated an understanding that a minor's incompetence to deal responsibly

with the effects of alcohol will vary depending on one's age and experience. See id., 94.

Allowing the jury to consider the special defense of contributory negligence in a claim for negligent service of alcohol to minors does not violate the rule announced in *Ely*. Instead, it allows the jury to consider, under the facts of a particular case, based on the minor's age and experience, the relative negligence of the parties. There is no indication in *Ely* that we intended to adopt the doctrine of strict liability in this type of situation. When we have adopted this doctrine in the past we have done so explicitly. See, e.g., *Whitman Hotel Corp.* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 565, 79 A.2d 591 (1955) (adopting strict liability for use of dynamite stating, "[a] person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to the danger of probable injury, is liable if such injury results, *even though he uses all proper care*" [emphasis added]).

Moreover, Connecticut law has long recognized that minors can be contributorily or comparatively negligent for causing their own injuries. More than ninety years ago, this court considered this issue in the case of *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 123 A. 25 (1923). In *Rutkowski*, a five year old girl was injured when she touched an electrical wire in front of her house. This court concluded that it was proper for the trial court to have instructed the jury to consider whether the five year old child's conduct constituted contributory negligence. Id., 53. In *Rutkowski*, the trial court instructed the jury that "[t]he law, however, has regard for the immaturity of childhood, and does not require the same [degree] of care of a child as it does of an adult. Ordinary and reasonable care applied to the conduct of a child of tender years means such care as may reasonably be expected of children of similar age, judgment and experience, under similar circumstances." (Internal quotation marks omitted.) Id. This court concluded that "it remained for the jury to determine whether the negligence of the plaintiff child materially contributed to cause her injuries. This was a matter for them exclusively to decide by applying their judgment and experience to the facts which they should find to have been disclosed by the evidence." Id., 52.

The appellate courts of this state have continuously approved of applying the defense of contributory negligence to claims involving minors. For instance, in 1935, this court explained as follows: "Although the standard which the rule makes applicable in testing the conduct of an adult cannot be employed in disregard of the actor's immaturity, a standard taking into account his age, mental development and experience, as disclosed by the evidence, is set up and applied. While the crite-

rion of the care required of a child may be stated broadly to be that which an ordinarily prudent child of the same capacity to appreciate and avoid danger of injury would use under similar circumstances, it has been phrased, by the courts of the several states, in many different, although, in essence, similar ways. . . . Our own conception of the rule has been definitely established, by frequent repetition of statement and long-continued adherence, in substance, in charges approved on appeal, as 'such care as may reasonably be expected of children of similar age, judgment and experience.' " (Citation omitted.) *Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 49–50, 179 A. 9 (1935).

In 1961, this court again held that the defense of contributory negligence was a question of fact in a claim of negligence, involving the death of a nine year old boy who died after walking across a plank in a construction site. *Greene* v. *DiFazio*, 148 Conn. 419, 424–25, 171 A.2d 411 (1961). This court held that "[t]he conduct of [the boy] has to be measured by that which may reasonably be expected of children of similar age, judgment and experience." Id., 424; see also *Clennon* v. *Hometown Buffet, Inc.*, 84 Conn. App. 182, 189, 852 A.2d 836 (2004) ("[w]hen the actor is a child, the conduct of that child is 'to be measured by that which may reasonably be expected of children of similar age, judgment and experience' ").[7]

It is also important to note that many of our sister jurisdictions that have considered the precise issue in the present case have concluded that the defense of contributory negligence applies to claims of negligence where a minor plaintiff's injuries were caused by his or her consumption of alcohol. See *Sowinski* v. *Walker*, 198 P.3d 1134, 1155 n.103 (Alaska 2008) (compiling list of states that allow defense of contributory negligence in claims involving negligent service of alcohol to minors). In deciding to allow the defense of contributory negligence in claims involving the negligent service of alcohol to minors, many of the courts have relied on the rationale that a minor who purchases, possesses, or consumes alcohol is in violation of the criminal laws of the state and that these criminal statutes indicate that the legislature intended to place some responsibility on the underage drinker. See, e.g., *Schooley* v. *Pinch's Deli Market, Inc.*, 134 Wn. 2d 468, 481, 951 P.2d 749 (1998) ("[A] minor who purchases, possesses, or consumes alcohol is also in violation of the law and may be found to be contributorily negligent. . . . Moreover, if the minor's intoxication results in that person being more than 50 percent at fault for his or her own injuries then no recovery is allowed." [Citations omitted.]). The same rationale applies here in Connecticut. For instance, in the present case, the plaintiff's conduct in participating in the purchase, possession and consumption of alcohol on the night in which he was injured constituted a violation of our statutes. As the courts of other jurisdic-

tions have recognized, the legislature's decision to make minors criminally liable for the purchase, possession and consumption of alcohol indicates its intent to hold them responsible for their behavior as it relates to alcohol. The position advocated by the plaintiff in the present case would vitiate that purpose and, in fact, could appear to condone minors purchasing, possessing and consuming alcohol in contradiction to our criminal statutes.

Furthermore, if the legislature had intended for contributory negligence not to be a defense to claims involving negligent service of alcohol to minors, it could have expressly said so. "[I]t is a well settled principle of statutory construction that the legislature knows how to convey its intent expressly; e.g., *Dept. of Public Safety* v. *Freedom of Information Commission*, 298 Conn. 703, 729, 6 A.3d 763 (2010); or to use broader or limiting terms when it chooses to do so. See, e.g., *Stitzer* v. *Rinaldi's Restaurant*, 211 Conn. 116, 119, 557 A.2d 1256 (1989)." *Scholastic Book Clubs, Inc.* v. *Commissioner of Revenue Services*, 304 Conn. 204, 219, 38 A.3d 1183, cert. denied, U.S. , 133 S. Ct. 425, 184 L. Ed. 2d 255 (2012). A review of similar statutes reveals that when the legislature intends to limit the use of the defense of contributory negligence as it relates to some plaintiffs, it knows how to do so. Specifically, General Statutes § 22-357, the statute providing for a cause of action related to damage to person or property by dogs, the legislature explicitly included language limiting the defense of contributory negligence in actions involving injury or damage to children under the age of seven.[8] Further, when the legislature wishes to alter common-law doctrines it has previously explicitly done so. See General Statutes § 52-572h (b) (abolishing common-law doctrine of contributory negligence and establishing doctrine of comparative negligence). The legislature has not so limited the recognized common-law claim of negligent service of alcohol to minors. It is axiomatic that "a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language." *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 667, 103 A.2d 535 (1954). Therefore, we conclude that if the legislature had intended for the defense of contributory negligence not to apply to claims for negligent service of alcohol to minors, it would have expressly said so.

In the present case, the trial court properly instructed the jury to consider whether, based on the facts of the present case, the negligence of the twenty year old plaintiff materially contributed to cause his injuries. We determine that, as this court did more than ninety years ago, "[t]his was a matter for them exclusively to decide by applying their judgment and experience to the facts which they should find to have been disclosed by the evidence." *Rutkowski* v. *Connecticut Light & Power Co.*, supra, 100 Conn. 52. It was entirely proper for them

to engage in such an analysis.

The judgment is affirmed.

In this opinion the other justices concurred.

[1] The plaintiff, Joel Stafford, appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The original complaint also named Janet Gardner, Tony Gardner, Scott Zieber, Rick Zieber, Nancy Zieber, Shirley Dubicki, April Gregory, Heidi Killiany, Mayleen Soto, Monica Marocchini, Boar Kim, Jason Dodson and Brandon Glidden as defendants. Thereafter, the estate of Shirley Dubicki was substituted for Shirley Dubicki. The complaints against Dodson, Marocchini, Soto, Killiany and Kim were later withdrawn. The plaintiff never effectuated service on Glidden. On appeal, the plaintiff only challenges the judgment of the trial court as it relates to Albert Roadway and the other defendants are not a party to this appeal. Accordingly, we refer in this opinion to Roadway as the defendant.

[3] We recently reiterated that, "[a]lthough Connecticut has adopted the doctrine of comparative negligence; see General Statutes § 52-572h (b); our statutes retain the term contributory negligence. See, e.g., General Statutes §§ 52-114 and 52-572h (b). . . . *Juchniewicz* v. *Bridgeport Hospital*, 281 Conn. 29, 32 n.4, 914 A.2d 511 (2007)." (Internal quotation marks omitted.) *Vendrella* v. *Astriab Family Ltd. Partnership*, 311 Conn. 301, 325 n.19, 87 A.3d 546 (2014). Therefore, we use the term contributory negligence throughout this opinion.

[4] The plaintiff also claims that the trial court improperly instructed the jury on the claim of intentional recklessness but does not address or analyze that claim separately in his brief. Because the jury did not reach the issue of the plaintiff's contributory recklessness, and because we consider that issue to be inadequately briefed, we do not reach the issue of whether contributory recklessness is a legally recognized defense. "[W]e generally decline to consider issues that are inadequately briefed . . . ." (Internal quotation marks omitted.) *Hurley* v. *Heart Physicians*, *P.C.*, 298 Conn. 371, 378 n.6, 3 A.3d 892 (2010), citing *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008) ("We are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived. . . . In addition, mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice." [Citations omitted; internal quotation marks omitted.]).

[5] The plaintiff also claims that the trial court improperly denied the plaintiff's motion in limine seeking to preclude evidence regarding his history of drug and alcohol abuse. At oral argument before this court, the plaintiff conceded that, if we concluded that the trial court properly instructed the jury on contributory negligence, we need not reach the second claim regarding the admissibility of the plaintiff's history of drug and alcohol abuse. Because we conclude that the trial court properly instructed the jury on the special defense of contributory negligence, we do not reach the plaintiff's second claim regarding evidence of his drug and alcohol abuse.

[6] In the rebuttal at oral argument, the plaintiff's counsel for the first time seemed to challenge the language contained in the instruction on contributory negligence and assert that even if it was properly given, it was improperly worded. When asked if this was a distinct claim from her claim that the instruction should not have been given in any form, the plaintiff's attorney responded that it was not, but merely a response to the defendant's oral argument. The plaintiff did not make this claim in the trial court or in his brief to this court. Therefore, the plaintiff has in effect raised this claim for the first time on appeal, which "denied the trial court the opportunity to act and correct any potential errors with respect to this issue." (Internal quotation marks omitted.) *Alexandre* v. *Commissioner of Revenue Services*, 300 Conn. 566, 585, 22 A.3d 518 (2011). Accordingly, we decline to consider this claim on appeal. See id., 586; Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

[7] Although neither this court nor the Appellate Court has ever addressed specifically whether contributory negligence is available to a claim involving consumption of alcohol by a minor, the Appellate Court has addressed whether contributory negligence is an available defense to other claims involving minors engaged in activities that are legally reserved for adults.

such as driving. See, e.g., *Fazio* v. *Brown*, 14 Conn. App. 289, 290–91, 540 A.2d 1065 (fourteen year old driving motorcycle was found to be 30 percent contributory negligent), rev'd on other grounds, 209 Conn. 450, 551 A.2d 1227 (1988).

[8] General Statutes § 22-357 provides: "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

————————————————————