19-351-cv
*Jenkins v. Road Scholar Transportation, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> GERARD E. LYNCH
> *Circuit Judges*.

---

TAVONN R. JENKINS; TAVONN R JENKINS, JR., by parent and next friend Tavonn R. Jenkins; MIA CHERIE JENKINS by parent and next friend Tavonn R. Jenkins,

　　　*Plaintiffs-Appellants*,

　　v.　　　　　　　　　　　　　　　　　　19-351-cv

ROAD SCHOLAR TRANSPORTATION, LLC; 2001 LEASING CORPORATION; JOSHUA P. CASWELL,

　　　*Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiffs-Appellants: | RIDGELY WHITMORE BROWN, Stamford, CT |
| For Defendants-Appellees: | MICHAEL P. KENNEY, Ryan Ryan Deluca LLP, Hartford, CT |

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Tavonn R. Jenkins ("Jenkins"), on behalf of himself and as parent and next friend of his two children, appeals from a final judgment of the District Court for the District of Connecticut (Arterton, *J*.) granting summary judgment in favor of Road Scholar Transportation, LLC, 2001 Leasing Corporation, and Joshua P. Caswell (together, "Defendants") in this diversity action. The case arises out of an automobile accident that occurred early in the morning of March 8, 2014. Jenkins was returning home from New York where he had attended a birthday party the previous evening. On his drive home, he collided with the back of a truck occupied by Joshua Caswell ("Caswell") that was parked on the side of the highway. Fortunately, Jenkins survived the crash, but he was severely injured. He filed a complaint in the Superior Court of Connecticut accusing Caswell of state-law recklessness, statutory recklessness, and negligence. His complaint, which was timely removed to federal court, also included loss-of-consortium claims on behalf of both of his children. The district court dismissed the first two claims for failure to state a cause of action and, after discovery, granted summary judgment in favor of the Defendants on Jenkins's negligence claims. On appeal, Jenkins challenges both this earlier dismissal and the grant of summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

The district court's decision to dismiss counts one and two is reviewed *de novo*. *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In reviewing a motion to dismiss, a federal court

must accept all well-pleaded factual allegations as true and will draw all reasonable inferences in the light most favorable to the plaintiff; but statements that are conclusory are not entitled to the same presumption. *Id.* at 74–75. For a complaint to survive a motion to dismiss, its allegations must "plausibly give rise to an entitlement to relief." *Id.* at 75. This standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of unlawful conduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Similarly, the district court's grant of summary judgment is reviewed *de novo*, with summary judgment only appropriate where there is no genuine dispute concerning material facts and the moving party is entitled to judgment as a matter of law. *Jones v. Cnty. of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019). For the reasons that follow, we believe that each of the district court's orders met the applicable standard. Accordingly, we affirm.

Jenkins first challenges the district court's decision to dismiss both his common-law and statutory recklessness claims.[1]  Under Connecticut law:

> Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.

---

[1]  The Defendants argue that this Court lacks jurisdiction to review the dismissal of these claims because Jenkins failed to timely file a notice of appeal. We disagree. Defendants' argument relies on a misunderstanding of Federal Rule of Civil Procedure 54. That rule clearly states that, where multiple claims for relief are brought in a single action, unless the district court "direct[s] entry of a final judgment" as to fewer than all of the claims after "expressly determin[ing] that there is no just reason for delay," any other order resolving *some* of the claims in the action "does not end the action as to *any* of the claims or parties." Fed. R. Civ. P. 54(b) (emphasis added). Defendants do not point to any such determination nor does our review suggest one exists. Because Jenkins's notice of appeal was timely after judgment was entered, we have jurisdiction to review the district court's earlier dismissal of his recklessness claims.

*Doe v. Boy Scouts of Am. Corp.*, 323 Conn. 303, 330 (2016) (quoting *Doe v. Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 382 (2015)). The district judge concluded that Jenkins's complaint fails adequately to plead recklessness on Caswell's part. We agree.

Jenkins's complaint contains essentially two allegations of misconduct by Caswell: first, that he was illegally parked, and second, that he did not deploy warning lights to draw attention to his vehicle as required by law. The complaint, however, contains at best conclusory allegations as to Caswell's *knowledge* that this conduct posed a serious danger to others and is almost devoid of facts suggesting that, in the circumstances, this serious danger would have been obvious to a reasonable individual. Once shorn of its conclusory statements, the complaint alleges at most negligence, offering no facts to support a conclusion that Caswell consciously ignored a substantial danger to others. Accordingly, the complaint does not plausibly allege an entitlement to relief on the recklessness claims and the district court therefore properly dismissed them.

Jenkins next challenges the district court's grant of summary judgment in favor of the Defendants as to his negligence claim. After reviewing the record, the district judge concluded that no reasonable juror could fail to conclude that Jenkins, who the evidence conclusively shows was intoxicated at the time of the crash, was contributorily negligent, and to a degree so as to bar recovery as a matter of law. We again agree with this conclusion.

Under Connecticut law, contributory negligence will only bar recovery if the negligence of the plaintiff is greater than the "combined negligence of the person or persons against whom recovery is sought." CONN. GEN. STAT. § 52-572h(b) (2020). While contributory negligence is typically a question of fact for the jury, it becomes a question of law "when the conduct of the person under investigation is so manifestly contrary to that of a reasonably prudent person similarly situated that the mind of a fair and reasonable person could reach but one conclusion."

*Greene v. Di Fazio*, 148 Conn. 419, 425 (1961). We agree with the district court that this standard is met in this case.

There is no dispute that Jenkins consumed alcohol before driving on the occasion of the accident. Moreover, an expert toxicology report, the findings of which have not been challenged, suggests that Jenkins's blood alcohol level at the time of the crash was most likely greater than 0.15g%, a level consistent with Jenkins having had over thirteen drinks over the course of the night. The officer dispatched to the scene testified that Jenkins smelled of alcohol and that his eyes were "bloodshot and glassy." Jenkins contends that he had only three drinks over the course of the evening, but that testimony does not create a genuine dispute of material fact as to whether he was driving while impaired, particularly in light of medical records reflecting that in the aftermath of the crash he told medical personnel that he had consumed seven drinks. Indeed, we conclude that no reasonable juror could find that Jenkins was not heavily intoxicated at the time of the crash. *See Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005) (noting that summary judgment was properly granted when a plaintiff's inconsistent testimony, considered in light of the surrounding record, failed to raise a material issue of fact). Even assuming, *arguendo*, that Caswell breached a duty to Jenkins by illegally parking his truck, we agree with the district court that no reasonable factfinder could conclude that Caswell's actions were more negligent than Jenkins's decision to get behind the wheel after consuming a substantial amount of alcohol. Contributory negligence therefore bars his recovery as a matter of law.

\* \* \*

We have considered Jenkins's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk